### GEORGE HOCKER v. THE STATE.
#### *No. 681.   Decided April 23.*

1. **Forgery—Indictment, Purport and Tenor Clauses—Variance.**—Where, in an indictment for forgery, it was alleged that the instrument purported to be the act of C. R., a fictitious person, which said instrument was to the tenor of the following, etc., and then setting out the instrument, which was signed C. R., and a variance was claimed between the two clauses, because the instrument does not on its face purport to be the act of a fictitious person, *Held*, that the purport clause simply described C. R. as a fictitious person, and did not allege that the act was that of a fictitious person, and there was no variance.

2. **Same—Fictitious Person.**—The law is settled, that the signing of a fictitious name to an instrument, with fraudulent intent, constitutes forgery.

3. **Circumstantial Evidence—Charge as to Links in a Chain of.**—Where it was objected to a charge on circumstantial evidence, that it failed to instruct the jury, "that each fact or circumstance relied on by the State as constituting a link in the chain of circumstances must itself be proved by competent evidence beyond a reasonable doubt," *Held*, the objection states the rule too broadly. In a majority of cases, the ultimate and necessary facts to the conclusion sought are constituted by grouping insufficient isolated facts together, and it is only required that these ultimate facts, so established, should be proved as satisfactorily and to the same extent as the main fact.

4. **Same.**—See a charge on circumstantial evidence in a forgery case, which the court holds sufficient when applied to the evidence.

5. **Forgery—Venue of the Prosecution.**—Under provision of article 206, Code of Criminal Procedure, the offense of forgery, or uttering a forged instrument, may be prosecuted in any county where the instrument was forged, or where the same was used or passed, or attempted to be used or passed; and where the instrument purported to be executed in one county, but was passed in the county of the prosecution, *Held*, the venue was sufficiently established in the latter.

APPEAL from the District Court of Hays.     Tried below before Hon. H. TEICHMULLER.

This is an appeal from a conviction for forgery, the punishment being assessed at imprisonment for three years in the penitentiary.

No statement necessary.

*Will G. Barber*, for appellant.—1. The court erred in overruling the motion of defendant in arrest of judgment, because there is a fatal variance and evident repugnancy between the purport and the tenor clauses of said indictment, in this: that the purport clause of said indictment alleges that defendant did "fraudulently make a false instrument in writing, purporting to be the act of another, to wit, the act of Clay Rollins, a fictitious person," while in the tenor clause, said indictment as set out does not appear to be the act of a fictitious person.

In indictments for forgery, any repugnancy between the purport and tenor clauses is fatal. Westbrook v. The State, 23 Texas Crim. App., 402; Roberts v. The State, 2 Texas Crim. App., 4.

2. The court erred in overruling the motion of defendant in arrest of judgment, because if the words "a fictitious person" in said indictment be treated as an affirmative allegation that said Clay Rollins was a fictitious person, then the indictment is insufficient to charge the offense of forgery, because if Clay Rollins be a fictitious person, then the instrument as set out could not possibly have created, increased, diminished, discharged, or defeated any pecuniary obligation, or have transferred, or in any manner affected, any property whatever.

A power of attorney bearing the signature of a fictitious person authorizing a sale of property is not an instrument on which forgery can be predicated. Willson's Crim. Stats., arts. 431, 437, 438; Simms v. The State, 32 Texas Crim. Rep., 277; Walton v. The State, 6 Yerg., 377; Rex v. Williams, 2 East P. C., 937.

3. In charging on circumstantial evidence, the court erred in not charging the jury, that each fact or circumstance relied on by the State as constituting a link in the chain of circumstances must itself be proved by competent evidence, beyond a reasonable doubt; and in not laying down the rule by which the jury should be governed in weighing each fact or circumstance, and then grouping them together as a whole.    Henderson v. The State, 14 Texas, 511; Williamson v. The State, 30 Texas Crim. App., 331; Wilson v. The State, 41 Texas, 323; Willson's Crim. Forms, No. 714, p. 334; Bookser v. The State, 26 Texas Crim. App., 595; Crow v. The State, 33 Texas Crim. Rep., 264; Starkie's Ev. (10 Am. ed.), 856.

The allegation that Rollins is "a fictitious person" is equivalent to an allegation that no such person existed, and the State had to so prove.    The State v. Allen (Mo. Sup. Ct.), 22 S. W. Rep., 792.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of forgery.    Omitting prior averments, the indictment, in its purport clause, charges that appellant "did then and there, without lawful authority, and with intent to injure and defraud, willfully and fraudulently make a false instrument, in writing, purporting to be the act of another, to wit, the act of Clay Rollins, a fictitious person, which said false instrument is to the tenor of the following."    * * *    Then follows the tenor clause, and the instrument does not purport to be the act of a fictitious person, but the act of Clay Rollins.    This, it is insisted, constitutes a variance.    We do not understand the purport clause as alleging that the tenor clause discloses that Clay Rollins was a fictitious person.    The purport clause does not allege the act purported to be that of a fictitious person, but simply that Clay Rollins was such a person. . It was but descriptive of the person whose name was forged, and not an averment that the instrument purported to be that of a fictitious or unreal person.    Westbrook v. The State, 23 Texas Criminal Appeals, 401, and Roberts v. The State, 2 Texas Criminal Appeals, 4, cited by appellant, are not in point.    Nor can we agree to the proposition, that the use of a name of a fictitious person can not be made to constitute forgery.    It is thoroughly settled that forgery can thus be committed.    Brewer v. The State, 32 Texas Crim. Rep., 74; Davis v. The State, ante, p. 117; 8 Am. and Eng. Encyc. of Law, 457, and note; The People v. Brown, 72 N. Y., 571; The State v. Hahn, 38 La. Ann., 169; Luttrell v. The State (Texas Sup.), 1 S. W. Rep., 886; 2 Whart. Crim. Law, sec. 1424; 2 Russ. Cr., p. 733; The Commonwealth v. Costello, 120 Mass., 370.

In the case last cited it was said:    "The essential element of forgery consists in the intent, when making the signature, of procuring it to be made to pass it off fraudulently as the signature of another party than the one who actually makes it.    If this intent thus to personate another

exists, the instrument is still a forgery, even if the name affixed is actually the same name with that borne by the party who signs it. So there may be forgery by the use of the fictitious name, as well as by the use of a person's own name, if the intent exists to commit a fraud by deception as to the identity of the person who uses the name." Again it is said: "The law is settled, that the signing of a fictitious name to an instrument with a fraudulent intent constitutes forgery." The State v. Wheeler (Ore.), 25 Pac. Rep., 394 (13 Crim. L. Mag., 362), and cited authorities. The court charged the jury, that "In order to warrant a conviction alone on circumstantial evidence, all the necessary facts must be consistent with each other, and with the main fact sought to be established; and they must be of so conclusive a nature that, when considered in connection, they lead reasonably and with moral certainty to the conclusion that the defendant did commit the offense of which he is accused, and exclude any reasonable hypothesis except the guilt of the defendant." This charge was objected to, because it "failed to charge the jury that each fact or circumstance relied on by the State as constituting a link in the chain of circumstances must itself be proven by competent evidence beyond a reasonable doubt, and did not lay down the rule by which the jury should be governed in weighing each fact or circumstance, and then grouping them together as a whole." This exception states the rule applicable to circumstantial evidence rather too broadly, and may not, in many cases, be correct. The circumstances and facts do not always arrange themselves, or are not arranged by the evidence in the form of a chain, and do not always so depend the one upon the other as to constitute such chain. But they may, and frequently do, array themselves in a group or number of isolated and independent facts, "in such a manner that each isolated fact, though insufficient of itself to raise the conclusion of guilt, points to it with more or less force, so that the whole group of facts, according to the strength or number of isolated facts, will, when considered together, create a satisfactory conclusion of guilt. In by far the greater number of cases it is believed the facts thus arrange themselves, and not in the form of a chain. When they so arrange themselves, they have been more properly likened to the strand of a cable. One or more of the strands may break, but the cable itself will not part." Thomp. on Trials, par. 2512, note 3. These ultimate or necessary facts essential to the conclusion of guilt should be proven as satisfactorily as the main fact. If all the facts are so proved that are necessary or essential to justify the conviction, it would hardly be correct to hold that others, relied on by the State, not necessary to the conviction, should also be proved as cogently as the main fact, for the conviction could be supported without such facts; and besides, they may tend only remotely to prove guilt, though relied on, and the case may be completely proved independently of them.

The court charged fully upon reasonable doubt as well as upon the issue that Clay Rollins was a fictitious person, and the jury were further

instructed this fact must be proved, or the defendant was entitled to an acquittal. They were further told, that they must believe defend-ant signed the name of "Clay Rollins" to the instrument, and that he used such name as the name of a fictitious person; otherwise they should acquit. The charge on circumstantial evidence as given is believed to be sufficient, when applied to the evidence in this case. Not only so, but the court went further, and gave a pertinent charge directly applicable to the inculpatory facts proved on the trial. There was no possible chance that we can conceive, in this case, for the jury to have been misled as to the law applicable to the facts, or for them to have misunderstood their duty in passing upon the testimony. The charge was a direct, pertinent application of the law to the evidence, independent of the charge on circumstantial evidence.

Appellant requested the court to charge the jury that, the State having alleged the instrument was made in Hays County, it was necessary to prove it as a prerequisite to conviction. It was refused, and exception reserved. The court's action was correct, for the statute provides: "The offense of forgery may be prosecuted in any county where the written instrument was forged, or where the same was used or passed, or attempted to be used or passed." Code Crim. Proc., art. 206. The instrument purports to have been executed in San Antonio, Bexar County, but was passed in Hays County. This was sufficient on question of venue. The instrument, if genuine, would have authorized defendant to have disposed of the interest "Clay Rollins" may have had in the property described in it. He consummated a sale of a portion of said property under and by virtue of its terms, and used it as authority for such disposition.

We are of opinion the record is free from reversible errors, and the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Judges all present and concurring.