# JANUARY, 1925.

### JESSE HAYNES V. THE STATE.

No. 8831. Delivered Jan. 21, 1925.

1.—Manufacturing Intoxicating Liquor—Charge of Court—Special Charge—Properly Refused.

Appellant requested a special charge, that it was incumbent upon the state to prove that appellant manufactured whisky on the date alleged in the indictment, and that the burden was not discharged by mere proof of the possession of equipment. The court properly refused this charge. It was not upon the possession alone that the State relied, but many other criminative circumstances were proven, as well as the declaration of appellant that he had manufactured whisky a few days before his arrest.

2.—Same—Charge of Court—Must Not Single Out One Circumstance.

The court gave a comprehensive charge on circumstantial evidence, and properly refused a special instruction requested by appellant, which singled out one of the circumstances relied upon, and expressing his opinion, that it, standing alone, would not be sufficient to support the conviction.

**3.—Same—Charge of Court—Special Instruction—Properly Refused.**

The court properly refused to give a special instruction that if the equipment belonged to Martin Boykin, an acquittal must follow. That the still in appellant's possession did in fact belong to Boykin, would not be at all conclusive of appellant's innocence.

**3.—Same—Judgment—Not Responsive to Verdict—Reformed.**

The indictment charged and the verdict convicted appellant of manufacturing intoxicating liquor. The judgment and sentence recites that he was found guilty of the unlawful possession of intoxicating liquor. These will be corrected and reformed to agree with the verdict so returned as to properly designate the name of the offense of which he was convicted, manufacturing intoxicating liquor.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor; penalty, two years in the penitentiary.

*Blain & Jones,* of Beaumont, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

At the time of the arrest of the appellant in July, 1923, there were found upon his premises two stills, a quantity of mash, and utensils so assembled as to be capable of making whisky. At the time of the discovery of the matters mentioned, the officer said to the appellant and some others who were present: "What are you all doing here, having a little liquor party?" Upon receiving a negative reply the officer said: "Where have you got it hid, Jesse?" Appellant replied: "You are one day late" and said that if they had come there yesterday they would have caught him making it. A search resulted in finding only one or two tablespoonfuls of whisky.

Appellant testified in his own behalf and said that the equipment found on his premises did not belong to him; that they belonged to Martin Boykin who had stayed with him but who had been gone about three weeks. Appellant said that he did not know of any equipment upon his premises until his arrest; that it was an utter surprise to him. Appellant, however, made no declaration at the time that the property belonged to Boykin.

The court's refusal to charge that it was incumbent upon the State to prove that the appellant manufactured whiskey on the date stated in the indictment and that the burden was not discharged by

the mere proof of the possession of equipment for the manufacture of such liquor is not deemed erroneous. It is not upon the possession of the still alone that reliance was had. There were a number of fruit jars in appellant's possession bearing evidence of having been used as containers for whisky. There was a small quantity of that article in one of them. Appellant's declarations that the officer came one day too late; that if they had come one day earlier they could have caught him making whisky are not to be overlooked. Neither is the locality in which the still was found. The mash on hand was also of a criminative nature.

The court gave a comprehensive charge upon the law of circumstantial evidence, it being the State's theory that. the cumulative effect of a series of circumstances was such as warranted the conclusion of guilt. Tested by the law of circumstantial evidence, the impropriety of the court in refusing to single out one of the circumstances relied upon and expressing his opinion that it, standing alone, would not be sufficient to support the conviction seems patent. See Marshall v. State, 5 Texas Crim. App., 273; Crass v. State, 30 Texas Crim. App., 480; Hocker v. State, 34 Texas Crim. Rep., 359; Vernon's Texas Crim. Stat., Vol. 2, page 599; also Parish v. State, 85 Texas Crim. Rep., 81.

Appellant complains of the refusal of the court to give a special charge to the effect that if the equipment belonged to Martin Boykin an acquital must follow. This contention is not deemed sound. The appellant could have manufactured whisky with a still belonging to Boykin. That the equipment in appellant's possession belonged to Boykin would not be conclusive of the innocence of the appellant. It would not have been proper for the court to instruct the jury that if the ownership of the still was in Boykin an acquittal must follow.

The count in the indictment upon which the appellant was convicted charged him with manufacturing intoxicating liquor. That was the issue submitted to the jury by the charge of the court, and the verdict is responsive to it. The judgment and sentence should have followed the verdict but fails to do so in that it found him guilty of the unlawful possession of intoxicating liquor. These will be corrected and reformed to agree with the verdict and so reformed as to properly designate the name of the offense of which he was convicted, namely, manufacturing intoxicating liquor.

The judgment should be affirmed and it is so ordered.

*Affirmed.*