## DEWEY COX V. THE STATE.

### No. 16732.   Delivered May 2, 1934.

The opinion states the case.

*John Lee Smith,* of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of forgery, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The testimony adduced upon the trial shows that appellant and his co-defendant, Otis McMichael, lived in the same community in Shackelford County; that on the 2nd day of February, 1933, the appellant and his co-defendant came into Throckmor-

ton County, where appellant forged a check, handed it to his co-defendant, who passed it to Mr. Hibbits in payment of some groceries and the difference of three or four dollars in cash. They took the groceries to the appellant's home where they divided them between the two families. Otis McMichael testified that after they had crossed the county line, they stopped and appellant wrote the forged check and handed it to him (Mc-Michael) and that he passed it in payment of the groceries which were taken to the appellant's home and there divided. Mrs. McMichael testified that she was at the appellant's home on the day that he and her husband went to Throckmorton County; that when they returned they brought with them some groceries which were divided between appellant and her husband.

Appellant appeared before the grand jury and while in the grand jury room the district attorney requested him to do some writing, which he did without any objection and without claiming his privilege. When he took the witness stand on his trial, the district attorney again asked him if he objected to do some writing, which he agreed to do and did do. The writings were compared with the purported forged check, and there was close resemblance between that on the check and that of the appellant. The writings were introduced in evidence by the State for the purpose of comparison with the alleged forged check. Appellant denied writing the forged check but admitted that he went to Throckmorton with Otis McMichael. He further testified that he had never seen the forged check and had no knowledge that the same was in existence until late in the summer when he was informed by the sheriff that he (appellant) was charged with giving a "hot check."

By bill of exception No. 1 the appellant complains of the action of the trial court in overruling his application for a continuance on the ground of the absence of S. K. Rotan for whom process had been issued on the 4th day of December, 1933, but the application fails to disclose what was done with the subpoena, whether it was mailed to the sheriff of Tarrant County or held by the appellant, and therefore it does not show due diligence to procure the attendance of said witness, and in support of the opinion herein expressed we refer to the following authorities: Murray v. State, 1 Texas App., 417; Townsend v. State, 41 Texas, 134; Cantu v. State, 1 Texas App., 402; Buie v. State, 1 Texas App., 452; Grant v. State, 2 Texas App., 163; Johnson v. State, 4 Texas App., 268, and many other cases could be cited. Besides, the application shows that the appellant expected to prove by said witness that the act of forging

the instrument was the act of Otis McMichael and not that of appellant, which is but a mere conclusion and not the statement of a fact.

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the district attorney to introduce the alleged forged check purporting to have been signed and indorsed by Cecil Armstrong because it appears to be the work both in the making and by indorsement of Cecil Armstrong, who is not the defendant in this case, and purports to be the act of another other than the appellant, which objections were by the court overruled and the appellant excepted. We do not believe that the appellant's contention is well taken for the reason that evidence had been introduced on behalf of the State showing that the appellant wrote the alleged forged check.

By bill of exception No. 3 the appellant complains of the action of the trial court in permitting the State to offer in evidence a yellow slip of paper marked "exhibit No. 2" upon which were writings purporting to be that of appellant made before the grand jury which returned the indictment, which objections were overruled and the appellant excepted. We do not believe that the court committed any error in this respect. The bill fails to show whether the appellant voluntarily appeared before the grand jury or whether he was summoned before the grand jury and it fails to show that he claimed his privilege.

In his motion for new trial the appellant contends that the State failed to show venue in Throckmorton County. The testimony of the co-defendant shows that the appellant wrote the alleged forged instrument in Throckmorton County and they both continued to town in Throckmorton County where the co-defendant cashed the check and no doubt where the appellant intended him to pass it; that the co-defendant purchased some groceries which were subsequently divided between them. In the case of Hocker v. State, 34 Texas Crim. Rep., 359, this court, speaking through Judge Davidson, said: "Appellant requested the court to charge the jury that the State having alleged the instrument was made in Hays County, it was necessary to prove it as a prerequisite to conviction, which was refused and exception reserved. The offense of forgery may be prosecuted in any county where the written instrument was forged or where the same was used or passed or attempted to be used or passed. This was sufficient on the question of venue." In the case of Batte v. State, 57 Texas Crim. Rep., 125, this court, speaking through Judge Davidson, said: "Appellant urges that he was not subject to prosecution in Texas because the forgery, if com-

mitted, was in the town of Cleveland, Oklahoma. Under our statute, it would make no difference if the forgery was committed in Oklahoma inasmuch as he passed the check in **Dallas.**" See also article 187, C. C. P.

No reversible error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.