## THE STATE v. GEORGE KNIPPA.

The 432d article of the Criminal Code reads as follows: "He is also guilty of forgery who, without lawful authority, and with intent to injure or defraud, shall alter an instrument in writing, then already in existence, by whomsoever made, in such manner that the alteration would (if it had been legally made) have created, increased, diminished, discharged, or defeated any pecuniary obligation, or would have transferred, or in any manner have affected, any property whatever." (Paschal's Dig., Art 2094.) The indictment should allege in what the alteration consisted, so as to advise the defendant of the very words he is alleged to have changed.

The seventh division of article 395 of the Code of Criminal Procedure, prescribing the requisites of an indictment, says: "The offense must be set forth in plain and intelligible words." (Paschal's Dig., Art. 2863, div. 7, Note 720.) The indictment must set forth what was done. And if the charge be that the defendant committed a forgery by altering, it must be stated whether it was by changing, obliterating, adding to, or erasing words and figures, so as to leave no uncertainty of what is intended to be charged.

APPEAL from Fayette. The case was tried before Hon. GEORGE W. SMITH, one of the district judges.

The indictment was for forging, in these words: "That George Knippa, yeoman, late of said county, on the 10th day of April, A. D. 1865, with force and arms, in the county aforesaid, did then and there falsely, fraudulently, feloniously, and without lawful authority, alter, obliterate,

and deface a certain receipt for $60, in words and figures as follows: 'Received on the above freight $60 in specie,' which said receipt was indorsed on a bill of lading given by said George Knippa to one J. H. Ujffy, in words and figures as follows, to wit:

"'LA GRANGE, *April* 10, 1865.

"'Received of J. H. Ujffy, in good order and well conditioned, nineteen bales of cotton, which I promise to deliver in like order and condition, without delay, unto J. San Roman, Esq., Brownsville, he paying freight at the rate of ten cents per pound in specie.

"'P. S. I hereby bind myself to cross the San Antonio river on or before the 30th day of April, 1865, otherwise I have to pay all the damages Ujffy may lose by it, unless detained by high water or heavy rains.

"'Cotton marked [66.]          GEORGE KNIPPA.

"'Two bales damaged by the cattle; three ropes lacking.'

"With the intent to injure and defraud him, the said J. H. Ujffy, and that he might be the gainer thereby. And so the grand jurors aforesaid, on their oaths, all say, that the said George Knippa, without lawful authority, in altering, obliterating, and defacing said receipt for $60, so indorsed as aforesaid on the said bill of lading so executed by him, did then and there commit forgery."

The defendant moved to quash the indictment, because it is vague and uncertain, does not state any offense known to the law, and that there was another indictment pending for the same offense when this was found, which has since been dismissed. The court quashed the indictment, but on what ground is not stated. The State appealed.

No briefs have been furnished to the *Reporter*.

DONLEY, J.—It is believed that it was intended, in this case, to charge the defendant with the unlawful alteration, obliteration, and defacing of a certain receipt of the de-

fendant to one Ujffy, which receipt, it is averred, was indorsed on a bill of lading, given by the defendant to Ujffy. There is no positive and certain averment that the bill of lading and receipt had been delivered by the defendant, so as to constitute those writings, as the act of the defendant, binding him. But if it be conceded that the allegations show the receipt to be such an instrument, and to have been executed, so that an alteration by the defendant would make him guilty of a criminal offense, the question then arises, whether the alleged wrongful acts of the defendant are stated with such legal certainty as to require that he shall be placed upon trial before the jury. Is the charge, that the defendant did falsely, fraudulently, feloniously, and without lawful authority, alter, obliterate, and deface the receipt, an averment of the commission of the offense, with the certainty required by law? Neither the defendant nor the court are advised by the allegations in the indictment in this case in what respect the receipt was altered, obliterated, and defaced. It is believed that it was the intent of the pleader to set out in the indictment the receipt as originally executed. If correct in this, yet the indictment is fatally defective for the want of an averment showing any alteration of the receipt, by which, if true, it would have created, increased, diminished, or defeated any pecuniary obligation, or would have transferred or in any manner affected any property whatever. There is in fact no allegation of any alteration of the receipt. It is not averred that a word has been added to the receipt since its execution; nor is it averred that any part, so much as one word or letter, has been effaced, blotted out, changed, or that the receipt has in any way been altered or defaced since it was first executed by the party whose act it purports to be.

The facts constituting the supposed offense are not averred with sufficient certainty as to apprize the defendant of the offense alleged to have been committed by him. The

act done by the defendant, which is to be held as an alteration, obliteration, or defacing of the receipt, is not averred.

The offense intended to be charged in this case is a felony. The instrument might have been altered materially by erasing two letters, reducing the sum mentioned in the receipt from $60 to $6. This alteration, or any other, if in fact made, should have been averred; but it does not appear from the indictment in this case that the receipt, for the alteration of which the complaint is made, has in fact been altered in any respect. To obliterate, in legal effect, would be "to deface, to efface, to blot out, to destroy." Obliterate, in the law, may be to alter, but certainly to alter will not necessarily be held as an obliteration. This indictment is defective in not averring what acts were done by the defendant. It is not questioned that it is an offense to alter, to obliterate, or to deface certain writings which are mentioned; but, as has been said, the objection to this indictment is, that it is not averred with sufficient certainty what was done.

The grand jury must, of necessity, hear the testimony before returning a bill for a violation of law. The facts constituting the offense ought to be known to the officer who is to prepare the bills of indictment, and the offender should be charged with the particular offense which the evidence shows he has committed, and not with that offense and something else, when it clearly appears that he could not have committed the two or more offenses, as alleged. It is not perceived how the defendant could possibly have altered the receipt by adding a word to or erasing a word from the receipt, and by the same act obliterate, blot out, and destroy the entire receipt.

Part 7, Art. 395, Criminal Procedure, in prescribing what shall be deemed a sufficient indictment, says "the offense must be set forth in plain and intelligible words."

The words in this indictment are not plain, for the reason that it does not appear whether the alteration of the

receipt was by adding to and inserting words in the receipt after its execution, or that the alteration was effected by erasing and obliterating words which were in the receipt. It does not appear, in fact, that anything was done to or with the receipt at the time of its execution. It cannot certainly be determined from an examination of the indictment what act it is intended to charge that the defendant had done which was in violation of the criminal law, subjecting him to a prosecution for that violation of law. As the acts constituting the offense alleged to have been committed by the defendant are not stated with sufficient certainty, the judgment is therefore

AFFIRMED.