## W. W. OVERLY v. THE STATE.

### No. 715.   Decided May 22.

1. **Forgery—Indictment—Purport and Tenor—Variance.**—Where an indictment for forgery of a railroad ticket charged, that the instrument purported to be the act of one J., agent of the Missouri, Kansas & Texas Railway Company, and the instrument set out in hæc verba, in the tenor clause, was signed by one " C., Gen'l P. & Tkt. Agt.," and the name of J., as alleged in the purport clause, nowhere occurs in or in connection with the ticket as set out in the tenor clause, *Held,* a fatal variance between purport and tenor.

2. **Same—Filling in a Blank—Necessary Allegations—Evidence.**—Where the forgery of a railroad ticket consisted in filling in a blank in said ticket for the destination, and placing a stamp on the back of said ticket, and it appearing that without the insertion of some name in the blank space for destination, and without the stamp upon the back, the said ticket would be of no pecuniary value, *Held,* that such matters should have been distinctly averred in the indictment, and that in the absence of such averment it was not proper to admit the instrument in evidence, such averments being essential to give the instrument the import of a pecuniary obligation.

3. **Same—Pecuniary Obligation—Question for the Court.**—The question whether an instrument on its face, or with proper explanations and innuendoes, imports a pecuniary obligation, and is the subject of forgery, should be determined by the court and so stated in the charge to the jury, and not submitted to and left as a matter to be found by the jury.

APPEAL from the District Court of Bexar.    Tried below before Hon. ROBERT B. GREEN.

This appeal is from a conviction for forgery of a railroad ticket, wherein the punishment is assessed at two years' imprisonment in the penitentiary.

The allegations of the indictment are sufficiently set forth in the opinion, and the essential features of the case are also stated.

Defendant's motion in arrest of judgment, which the court overruled, was as follows:

"1.   That the indictment under which defendant was tried was indefinite and wholly defective, in that it charged defendant with the execution of a false instrument in writing purporting to be the act of one H. A. Johnson, when in truth and in fact the instrument executed (if one was executed) was the act of the Missouri, Kansas & Texas Railway Company of Texas, and that said instrument of writing so alleged to be the act of H. A. Johnson is set out in hæc verba in the indictment, and the name of said H. A. Johnson in no place appears.

"2.   That the indictment is indefinite and wholly defective, in that the defendant is therein charged with the execution of a false instrument in writing, and the instrument is fully set out in said indictment, and that the defendant is virtually charged with the fraudulent making of the entire instrument so set out, and is not apprised therein that he is charged with executing any particular portion of said instrument, whereas in truth and in fact the offense committed (if any was committed) was the addition of the word 'Dallas' in the body of said instrument of writing already in existence, and the stamping upon the back of the said instrument in writing already in existence as aforesaid, of a stamp indicating the date of issue and sale of the said instrument of writing, and the defendant is legally entitled to have the offense with which he is charged particularly set out, so that his defense may be properly made."

*Hines & Bee,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried under an indictment charging him with forgery.    He was convicted and his punishment assessed at two years' confinement in the State penitentiary; and from the judgment and sentence of the lower court he prosecutes this appeal.

The appellant insists, that there is a fatal variance between the purport and tenor clauses of the indictment.    This question is presented in a motion in arrest of judgment, which was overruled by the court, and to which action of the court the appellant excepted, and also in the introduction of evidence.    The appellant objected to the introduction of the instrument produced in evidence, on the ground that there

is a fatal variance between it and the instrument purported to have been forged. The objection was overruled, and he saved his bill of exceptions as to same.

The indictment charges, that the defendant "did willfully and fraudulently make a false instrument in writing, purporting to be the act of another, to wit, the act of H. A. Johnson, agent of the Missouri, Kansas & Texas Railway Company of Texas, at San Antonio, Texas, which said instrument is to the tenor following," etc. Said instrument is then set out in full. There are nowhere any explanatory allegations in the indictment nor any innuendoes. The name of "W. G. Crush, Gen'l P. & Tkt. Agt.," appears to be signed to the instrument set out, but nowhere does the name of H. A. Johnson occur in or connected with said ticket as set out; and in our opinion, the indictment itself shows a fatal variance between the purport and tenor clauses thereof. It appears from the proof offered in this case, that the alleged forgery was of a passenger ticket of the Missouri, Kansas & Texas Railway Company, authorizing passage from Lockhart to Dallas; that said H. A. Johnson was local agent of the said Missouri, Kansas & Texas Railway Company at San Antonio; and that by some means the appellant procured a blank form of ticket of said company; and that the forgery, if any, consisted in filling in the blank space below the word "Lockhart" in said ticket to "Dallas," and in placing the stamp on the back of said ticket, though the stamp is not set out, and we are not informed of the character thereof, whether the name "Johnson" was signed therein or not. It is stated in the evidence, that the ticket is of no value without the insertion of some name in the blank space for destination, and without its being stamped, but there is no such allegation in the indictment. If the forgery consisted in the insertion of a point of destination, and then placing a stamp on the ticket, these matters should have been distinctly averred in the indictment; and, in the absence of such averment, the instrument itself did not import a pecuniary obligation or an obligation of any other character, and, without such allegations, it was not proper to have admitted proof thereof. For a proper indictment in a case of this character, see Daud v. The State, ante, p. 460. And moreover if in the opinion of the court the instrument was such as on its face, or with proper explanations and innuendoes, imported a pecuniary obligation, and was the subject of forgery, it was the duty of the court to so instruct the jury, and not leave the question to them, as appears to have been done in this case.

The appellant also urges, that the court improperly admitted testimony of his alleged confession, claiming that the testimony does not show that the same was freely and voluntarily made, he not having been duly and legally warned. The testimony is not very clear upon this point, but the rules of law have heretofore been so fully laid down by this court with reference to confessions after arrest, that it is not

deemed necessary here to reiterate them; and in view of another trial, it is presumed that same will be strictly adhered to.

For the errors before discussed, the case is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.