H. S. ROBINSON v. THE STATE.

*No. 810. Decided June 26, 1895.*

</div>

1. **Uttering Forged Railroad Ticket—Indorsement Stamp on Back—Allegation and Proof.**

On a trial for uttering or passing a forged railroad passenger ticket, where it appeared that, in order to make said ticket complete and valuable as an obligation upon the company for a trip between two given points, it was necessary, as shown by the face of the ticket, that the same should be indorsed with a certain stamp placed upon the back. Held: That it was essential that said endorsement should have been set out in the indictment, and, that not being alleged, it could not be admitted in evidence. Overly v. State, 34 Texas Crim. Rep., 500, and Daud v. State, 34 Texas Crim. Rep., 460.

2. **Same Charge—Accomplice Testimony.**

On a trial for uttering a forged railroad ticket, where it appeared that the same had been sold to defendant by a party who had come into possession of it accidentally, and who knew it was valueless, unless it was filled out and indorsed with the company's stamp; and the said party was a principal witness against defendant. Held: Error for the court to fail to charge the jury [on accomplice testimony in relation to the evidence of said witness.

APPEAL from the District Court of Tarrant. Tried below before Hon. W. D. HARRIS.

This appeal is from a conviction for uttering or passing a forged railroad passenger ticket, the punishment assessed being two years imprisonment in the penitentiary.

The opinion states the case.

*Byron Johnson*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant in this case was convicted of knowingly passing as true a forged instrument in writing, which is set out according to its tenor in the indictment, and his punishment assessed at two years confinement in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. On the trial of the case, the State offered in evidence the alleged forged instrument as set out in the indictment. The appellant objected to the introduction of same, because, he claimed there was a variance between the instrument as set out in the indictment and that offered in evidence, in that the instrument offered in evidence had an indorsement on the back thereof as follows, to-wit: A stamp with the letters "G." "U." "R.," "Fort Worth, Texas, February, 7, 1894," in the outer rim of said round stamp, the said letters being the first two and the last letter of the Gulf, Colorado and Santa Fe R. R. Said stamp, with said letters, are not set out in the indictment as a part of the alleged forged instrument, which was a passenger ticket of the Gulf, Colorado and Santa Fe Railway Company from Fort Worth to Galveston and return. By reference to face of the ticket as set out, and also that introduced in evidence, appears the following: "Good within ten days from date of same, as stamped on back hereof," so that it appears that the instrument, in order to be a complete obligation of said company for round-trip passage from Fort Worth to Galveston, required that it be stamped on the back, and such stamp is made part of said ticket from said reference contained on the face thereof. Before the stamped indorsement on the back of said ticket could be offered in evidence, it should have been set out in the indictment as a part of the alleged forged instrument, and the court should have sustained the objection to its introduction. It appears in this case that one F. M. Marple bought two genuine tickets from the agent of the Gulf, Colorado and Santa Fe Railway Company, which were properly filled out with the points of departure and destination plainly written in the blanks on the face of the tickets, and with indorsements on the back thereof, that in tearing out said tickets from a ticket book the agent also tore out a third ticket, not filled out or endorsed on the back, that said Marple sold said blank ticket to the defendant, who was a ticket broker in Fort Worth, receiving therefor the sum of one dollar. He evidently knew at the time that said ticket in its then shape was of no value, was not his property, and that before it could be used by the defendant, in order to make it a valid ticket, the points of departure and destination would have to be forged in the face of the ticket, and also the stamped indorsement on the back thereof. The appellant, on the trial of the case, claims that said Marple was an accomplice in the passing of the forged instrument, and that as he was an important witness in the case for the State, the court, as to him, should have given the jury a charge on accomplice testimony. This the court did not do, and the defendant reserved an exception to the action of the court. In our opinion, the charge on this subject should have been given. In our opinion, it is also questionable whether the indictment in this case was

sufficient for the passing of a forged instrument. The character of the forged instrument and in what the forgery consisted should have been more fully set out, as to the face of said instrument, as also the indorsement on the back thereof, which has heretofore been discussed. See Overly v. State, 34 Texas Crim. Rep., 500, decided at the present term of this court, and Daud v. State, 34 Texas Crim. Rep., 460. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*