### JOE BOOTH v. STATE.

*No. 1513. Decided December 16th, 1896.*

**1. Forgery by Filling Up Over Genuine Signature—Indictment—Purport and Tenor.**

In an indictment for forgery by filling up over a genuine signature, where the purport clause alleged the instrument to be the act of one Mc., and the instrument set out in the tenor clause is not signed by the said Mc. Held: The indictment should be quashed; the omission of said name is not supplied by the allegation in connection with the purport clause, to-wit: "by then and there filling up over the genuine signature of the said Mc., upon a paper which contained said signature, words and figures to the tenor following:" (setting out the instrument without the signature).

**2. Same—Evidence—Variance.**

Where the purport clause of an indictment for forgery alleges that the instrument was the act of one Mc., it is not admissible to introduce in evidence an instrument purporting to be signed by Mc. and one T.

APPEAL from the District Court of Palo Pinto. Tried below before Hon. J. S. STRAUGHAN.

Appeal from a conviction for forgery; penalty, two years' imprisonment in the penitentiary.

No statement necessary.

*W. M. Wallace* and *George G. Clough*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and given two years in the penitentiary, and prosecutes this appeal. Appellant made a motion to quash the indictment, which the court overruled. In our opinion, the motion to quash should have been sustained. The indictment contains both a purport and tenor clause. In the purport clause, it is alleged that the instrument purported to be the act of one J. A. McClure, and when we come to the tenor clause, an instrument is set out which does not contain the name of J. A. McClure signed thereto. It is true the pleader attempts to supply this by alleging in connection with the purport clause, the following, to-wit: "by then and there filling up over the genuine signature of the said J. A. McClure, upon a paper which contained said signature, words and figures to the tenor following:" (then proceeds to set out the instrument). This does not, in our opinion, supply the failure to plead the tenor clause and make it accurately correspond with the purport clause. This is no new doctrine, but is the doctrine of all the authorities upon this question of pleading, and has frequently been so held by this court. If the indictment had been a proper one, there would have been no error in the court admitting the testimony in regard to the debt, including the note and mortgage against which the said receipt is alleged to have been forged. As to the variance claimed between the instrument offered in evidence (as shown by the bill of exceptions) and that set out in the indictment, even if the tenor clause had corresponded with the purport clause, and the instrument had been set out with the signature of J. A. McClure thereto, the instrument offered would not have been admissible, because it not only contained the name of J. A. McClure signed thereto, but also the name of P. O. Thompson. We would observe, that if the indictment had been a good one, that the court erred in overruling the motion for a continuance, but it is unnecessary to here discuss it. Because of the insufficiency of the indictment, the judgment of the lower court is reversed and the cause dismissed.

*Reversed and Dismissed.*