Sutton v. State.

COOSE SUTTON V. STATE OF NEBRASKA.

FILED MAY 17, 1899.   No. 10672.

58 567
61 278

Forgery: INFORMATION: PROOF: VARIANCE. An information charged the forgery of a receipt for money in the following terms: " 'May 13, 1898. Received of C., St. P., M. & O. Ry. Co. twenty-two 50-100 dollars, in full for the within. C. C. Sutton'—which said receipt for money was indorsed on the back of a time certificate and writing obligatory of the Chicago, St. Paul, Minneapolis

& Omaha Railway Company, and which said time certificate and writing obligatory was in words and figures as follows, to-wit," —and purported to give an exact reproduction of the time certificate, but omitted any statements of matters which were printed on the back of what was styled time certificate received in evidence, and these were material in a consideration of its apparent legality or validity. *Held,* That the existence of an apparently valid time certificate was of the essential allegations of the information, that this was recognized by the pleading, and as it was pleaded specifically and particularly of words and figures, the proof must respond, and there was a variance between the proof and the pleading.

ERROR to the district court for Washington county. Tried below before POWELL, J. *Reversed.*

*F. S. Howell,* for plaintiff in error:

There was a fatal variance between the allegations of the information and the proof. (*State v. Wheeler,* 19 Minn. 98; *Roode v. State,* 5 Neb. 174; *Millsaps v. State,* 43 S. W. Rep. [Tex.] 1015; *Sullivan v. State,* 7 So. Rep. [Miss.] 275; *Haslip v. State,* 10 Neb. 590; *Robinson v. State,* 43 S. W. Rep. [Tex.] 526; *Overly v. State,* 31 S. W. Rep. [Tex.] 377; *Specht v. Beindorf,* 56 Neb. 553; *Polo Mfg. Co. v. Parr,* 8 Neb. 379; *Grimison v. Russell,* 14 Neb. 521; *Montgomery v. State,* 12 Tex. App. 323; *Kotter v. People,* 37 N. E. Rep. [Ill.] 934; *State v. Willson,* 28 Minn. 52; *People v. Bendit,* 43 Pac. Rep. [Cal.] 901.)

*C. J. Smyth, Attorney General,* and *W. D. Oldham, Deputy Attorney General,* for the state.

HARRISON, C. J.

An information was filed in the district court of Washington county which contained two counts; in one of which the plaintiff in error was charged with the crime of forgery, and in the second with uttering and publishing a forgery. A motion to quash each count was filed, which was overruled as to the first and sustained as to the second. A trial resulted in a conviction of the accused. A motion for a new trial was overruled, as was

also one in arrest of judgment, and the defendant was sentenced to a term of imprisonment in the penitentiary. The first count of the information is as follows:

"Be it remembered, that Clark O'Hanlon, county attorney within and for Washington county, in the fourth judicial district of the state of Nebraska, who prosecutes in the name and by the authority of the state of Nebraska, comes here in person into court at this the October term, A. D. 1898, thereof, and for the state of Nebraska gives the court to understand and to be informed that 'Coose' Sutton, whose first name is unknown, late of the county aforesaid, on or about the 13th day of May, 1898, in the county and state aforesaid, then and there being, then and there unlawfully, feloniously, and willfully did falsely make, forge, and counterfeit a certain receipt for money, which said receipt for money was in words and figures as follows, to-wit:

"May 13, 1898.

" 'Received of the C., St. P., M. & O. Ry. Co. twenty-two 50-100 dollars, in full for the within.     C. C. Sutton.'

which said receipt for money was indorsed on the back of a certain time certificate and writing obligatory of the Chicago, St. Paul, Minneapolis & Omaha Railway Company, and which said time certificate and writing obligatory was in words and figures as follows, to-wit:

" 'Chicago, St. Paul, Minneapolis & Omaha Railway Company.

" 'Send to Blair.                    Time Certificate No. 124.

" 'Office of the Supt. Nebr. Division.

" 'Omaha, April 30, 1898.

To C. C. Sutton, for services as teamster at extra gang for 75 hrs., at 30c per hr., in month of April, 1898, amounting to................... $22 50
From which deduct on account of ...... due to.. $.. ..

Leaving balance due him twenty-two 50-100 dollars.

" 'Balance due ........................ $22 50

" 'Why this certificate is issued—Leaving the service.

" 'I hereby certify that the above is correct, and that opposite the payee's name on the time-roll or pay-roll I have marked 'Certificate given.'

" 'J. W. COOPMAN, *Chf. Clk.*

" 'Countersigned:

" '$22.50.         H. S. JAYNES, *Supt.*'

"Indorsed across the face thereof is, 'Void if not presented for payment within fifteen days from date.'

with the intent of him, the aforesaid 'Coose' Sutton, whose first name is unknown, then and there and thereby unlawfully to defraud, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Nebraska."

It will be no doubt noticed that the receipt proper refers to the "within," the time certificate, on the back of which the former appeared. It is contended that this so connected the two instruments that in combination they constituted but one, the receipt upon which the accusation of forgery was predicated. The terms of the time check, by the receipt, were made a part thereof. To ascertain the apparent validity of the latter it was necessary to refer to the former. For what the twenty-two and 50-100 dollars was received was set forth in the "within," the time certificate. The pleader who framed the information recognized this and specifically referred to the time certificate, and stated it to be "in words and figures as follows, to-wit," and set forth, not the whole, but a part of it, omitted some statements which appeared on its face, one of which directed to "instructions on the back," and there were set forth matters which entered into the substance of the instrument and its apparent validity or legality as a time certificate. During the introduction of the evidence the time certificate was produced and the receipt on its back was offered and received; then such portions of what was on its face as had been copied or shown in the complaint were offered for

the state and received over objections interposed for the accused. The other portions of the time certificate, inclusive of what appeared on the back thereof other than the receipt, were offered by the defendant and received. The allegations of the complaint in reference to the time certificate were of the essentials of the pleading and cannot be treated as surplusage, and being stated as made specifically and with particularity by "words and figures" and as the whole of the instrument, it was essential that the proof correspond. The instrument in evidence had a number of material statements on its back which affected its apparent validity. These were of it or parts of ·it, and they were not shown in the information. There was a material variance between the instrument pleaded and the one proved. (*Haslip v. State*, 10 Neb. 590; *Robinson v. State*, 43 S. W. Rep. [Tex.] 526.) The judgment must be reversed and the cause remanded. ·

REVERSED AND REMANDED.