G. W. FRANKLIN v. THE STATE.

No. 2991. Decided February 10, 1904.

**Forgery—Indictment.**

See form of indictment for forgery for altering a written instrument set out in the opinion, held to follow the approved forms and good on motion to quash.

Appeal from the District Court of Jefferson. Tried below before Hon. A. T. Watts.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

No statement necessary.

No brief of either party has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convitced of forgery, and his punishment fixed at two years confinement in the penitentiary. The charging part of the indictment is as follows: That G. W. Franklin on September, 1903, * * * "did then and there unlawfully and without lawful authority, and with intent to defraud, willfully and fraudulently alter an instrument in writing then and there already in existence and which had heretofore been made by E. V. Hayden, and which at the time it was so made and before it was altered as aforesaid by the said G. W. Franklin, was to the tenor, as follows: 'Beaumont, Texas, Sept. 7, 1903, No. 239.—Beaumont National Bank: Pay to the order of G. W. Franklin, ($6.00) Six Dollars. E. V. Hayden, Oil Account.' And the said G. W. Franklin did then and there alter the said instrument in the manner following, to wit: He, the said Franklin, placed naught (0) after the '$6,' making it read $60.00, and placed the letters 'ty' after the word 'six,' making it read 'sixty.'·

"And the said instrument after the said alteration by the said G. W. Franklin thereby became and then and there was of the tenor following: 'Beaumont, Texas, Sept. 7th, 1903, No. 239.—Beaumont National Bank: Pay to the order of G. W. Franklin, ($60.00) Sixty Dollars. E. V. Hayden, Oil Account.' Against the peace and dignity of the State."

Appellant filed a motion to quash the indictment; but, in our opinion, the indictment follows the approved forms; and the court was correct in overruling the motion.

Appellant made a motion for continuance for want of the testimony of John McWalters. However, diligence is totally lacking. But even conceding diligence, the testimony is not probably true in the light of this record.

The form of the verdict of the jury is not subject to the criticisms urged by appellant. It is proper form. The evidence amply supports the finding of the jury, and the judgment is affirmed.

*Affirmed.*