## MARVIN BLACK v. THE STATE.

### No. 2948. Decided March 9, 1904.

**Forgery—Insufficiency of Indictment—Variance.**

The purport clause in an indictment for forgery alleged the false instrument to be the act of H. G. Haynes, and in the tenor clause it is alleged to be the act of H. G. Haygens. Held the variance is fatal.

Appeal from the District Court of Franklin. Tried below before Hon. P. A. Turner.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*R. T. Wilkinson* and *Rolston & Ward,* for appellant.—In the purport clause of the indictment it is alleged that the alleged false instrument in writing purported to be the act of H. G. Haynes, and in the tenor clause of the indictment it alleges that the instrument was signed by the name of H. G. Haygens. And there is not any allegation that the name H. G. Haygens is meant for the name H. G. Haynes. Fite v. State, 34 S. W. Rep., 921; Campbell v. State, 35 Texas Crim. Rep., 182; Crayton v. State, 7 Texas Ct. Rep., 973; Milontree v. State, 30 Texas Crim. App., 151; Black v. State, 61 S. W. Rep., 478, and authorities there cited; Crawford v. State, 50 S. W. Rep., 378; Westbrook v. State, 23 Texas Crim. App., 401; English v. State, 30 Texas Crim. App., 470; Gibbon v. State, 36 Texas Crim. Rep., 469; Overly v. State, 31 S. W. Rep., 377; Robinson v. State, 43 S. W. Rep., 526; Nichols v. State, 44 S. W. Rep., 1091; Booth v. State, 38 S. W. Rep., 196; Webb v. State, 47 S. W. Rep., 356; Potter v. State, 9 Texas Crim. App., 55; Murphy v. State, 6 Texas Crim. App., 554; Roberts v. State, 2 Texas Crim. App., 4; Ex parte Rogers, 10 Texas Crim. App., 655.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years.

The charging part of the indictment is, as follows: "* * * That

Marvin Black * * * did then and there without lawful authority, and with intent to injure and defraud, did willfully and fraudulently make a certain false instrument in writing, purporting, to wit:    purporting to be the act of M. P. Black, W. F. Black, H. G. Haynes and J. B. Merrell, which said false instrument in writing is lost and destroyed, and can not be described in its exact tenor, but is in substance and effect, as follows, to wit:    '$350.00.    Mt. Vernon, Texas.    Dec. 17, 1902.—November 1st, after date, we jointly and severally promise to pay to .the order of Mrs. H. C. Douglass, at Mt. Vernon, Texas, the sum of three hundred and fifty no-100 Dollars, for value received, with interest at the rate of ten per cent per annum from maturity until paid and ten per cent attorneys fees, if suit is instituted upon this note or placed in the hands of an attorney for collection.    M. P. Black, W. F. Black, H. G. Haygens, J. B. Merrell."

Appellant made a motion to quash the indictment on the ground that there was no allegation that the alleged false instrument purported to be the act of another than appellant; and on the further ground that there was a variance in the indictment between the purport clause and tenor clause thereon, in this, the purport clause alleges the false instrument to be the act of H. G. Haynes, and in the tenor clause it is alleged to be the act of H. G. Haygens.    The court overruled the motion.    This ruling was erroneous.    The purport and tenor clauses must correspond; and where there is a variance between them, the indictment should be quashed.    There is a long line of authorities upholding appellant's insistance.    See Overly v. State, 31 S. W. Rep., 377; Robertson v. State, 43 S. W. Rep., 526; Nichols v. State, 44 S. W. Rep., 1091; Booth v. State, 38 S. W. Rep., 196; Webb v. State, 47 S. W. Rep., 356; Potter v. State, 9 Texas Crim. App., 55; Ex parte Rogers, 10 Texas Crim. App., 655.

The indictment being defective, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*