WILLIAM H. FEENEY, ALIAS WILLIAM H. FITZGERALD, v. THE STATE.

No. 349.   Decided January 26, 1910.

**1.—Forgery—Variance—Written Instrument must Correspond with Allegation.**

Where upon trial for passing a forged instrument the indictment described the same in haec verba, and the instrument admitted in evidence was not an exact copy of the one alleged in the indictment, the variance was fatal. Following Fischl v. State, 54 Texas Crim. Rep., 55, and other cases.

**2.—Same—Charge of Court—Knowledge.**

Where upon trial for passing a forged instrument, the charge of the court failed to instruct the jury that the appellant must have known that the alleged instrument was forged, at the time he passed it, the same was reversible error.

**3.—Same—Charge of Court—Fictitious Person.**

Where upon trial for passing a forged instrument the indictment alleged that the name set out in said instrument was a fictitious person, the charge of the court should have submitted this issue.

**4.—Same—Charge of Court—Intent to Defraud.**

Where upon trial for passing a forged instrument, the court failed to submit to the jury a charge that in order to convict defendant he must have passed said instrument with intent to defraud, the same was reversible error.

Appeal from the District Court of Potter.   Tried below before the Hon. J. N. Browning.

Appeal from a conviction of passing a forged instrument; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Robertson & Robertson,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, and *Henry S. Bishop,* District Attorney, for the State.—On question of name of fictitious person: Howard v. State, 37 Texas Crim. Rep., 494, 36 S. W. Rep., 475; Johnson v. State, 35 Texas Crim. Rep., 271, 33 S. W. Rep., 231; Davis v. State, 34 Texas Crim. Rep., 117, 29 S. W. Rep., 478; Davis v. State, 37 Texas Crim. Rep., 218, 39 S. W. Rep., 296.

On question of defendant's knowledge in passing forged instrument: Grooms v. State, 50 S. W. Rep., 370; Mallory v. State, 37 Texas Crim. Rep., 482, 36 S. W. Rep., 751; Thornley v. State, 36 Texas Crim. Rep., 118, 34 S. W. Rep., 264.

DAVIDSON, PRESIDING JUDGE.—An indictment was preferred against appellant containing eight counts charging forgery and passing a forged instrument. It is unnecessary to discuss any of them except the seventh. It was upon this count the conviction was predicated and the verdict of the jury returned.

The seventh count charged appellant with passing as true the following instrument which purported to be the act of another, to wit: "R. C. Cameron & Son per R. C. C. Prest. & Treas. and was of the tenor following, to wit: 'Waco, Texas, July 31, 1908, No. 614. The Provident National Bank of Waco, Texas, Pay to William H. Feeny or bearer $475 Four Hundred Seventy-Five Dollars. Not over Five Hundred $500. Wm. Mann Co. Philadelphia R. C. Cameron & Son per R. C. C. prest. & Treas;' the said word 'prest.' in said instrument being intended for the word 'Prest.,' as an abbreviation for the word 'President,' and the said word 'Treas.' in said instrument, being intended for the word 'Treasurer;' and the said words 'Wm. Mann Co., Philadelphia,' being printed in the lower left hand corner of the said instrument; and the said instrument, when it was so passed as aforesaid, had, on the back thereof, a certain false writing, which had theretofore been unlawfully and wilfully made without lawful authority and with intent to injure and defraud by some person to the said grand jury unknown, which was of the tenor following, to wit: 'In payment in full for services rendered R. C. C.;' and also at that time said instrument on its back had an indorsement of the tenor following, to wit: 'Wam. H. Feeny,' the said word 'Wam.' in said instrument being intended as the abbreviation for the word 'William;' the said R. C. Cameron & Son per R. C. C. Prest. & Treas., whose act the said face of said instrument purported to be, being a fictitious person; and the said William H. Feeny, alias William H. Fitzgerald, did then and there well know that the said instrument was false and forged when he attempted to pass

said instrument and when he did pass said instrument as true, as aforesaid; against the peace and dignity of the State."

The instrument offered in evidence is as follows:

"Waco, Texas, July 31, 1908.

No. 614.

THE PROVIDENCE NATIONAL BANK OF WACO.

Pay to Wm. H. Feeney or bearer...........................$475.00

Four Hundred and seventy-five............................Dollars.

R. C. Cameron & Sons,

Per R. C. C., Pres. & Treas."

and it was endorsed on the back as follows:

'In payment in full for services rendered.

R. C. C.

Wam. H. Feeney."

Among other contentions, appellant urges a variance between the instrument declared upon and that introduced in evidence in several respects, and, therefore, the verdict of the jury is contrary to law and the evidence in that the instrument offered in evidence does not support the allegations of the indictment. We are of opinion that this contention is correct. The instrument declared upon was drawn upon the Provident National Bank of Waco, Texas; that introduced in evidence was drawn on the Providence National Bank of Waco. The check set out in the indictment sets out the name of William H. Feeny as follows: William H. Feeny; the check introduced in evidence sets out the name Wm. H. Feeney. In the check set out in the indictment appear the words "Four Hundred Seventy-five Dollars," whereas in the check in evidence it is written "Four Hundred and Seventy-five Dollars." The check set out in the indictment contained the words: "Not over Five Hundred $500 Wm. Mann Co., Philadelphia." These words do not appear in the check in evidence. In the indictment it appears that in the face of the check the words "R. C. Cameron & Son, Per R. C. C. Prest. & Treas." are used. In the check introduced in evidence the words thus appear: "R. C. Cameron & Sons, Per R. C. C. Pres. & Treas." The indictment alleges the endorsement on the back of the check to be "Wam. H. Feeny." It appears in the check introduced in evidence as follows: "Wam. H. Feeney."

Thus it will be seen there are distinct variances in regard to these matters between the check declared upon and that offered in evidence. It seems to be held almost, if not quite, universally that where an indictment undertakes to set out a forged instrument according to its tenor or in haec verba, that the strictest proof is required, and this must be furnished by exact copy. This has been declared not only in this State, but all the other States, practically, at least. Baker v. State, 14 Texas Crim. App., 332; Edgerton v. State, 70 S. W. Rep., 90; Shipman v. Fulcrod, 42 Texas, 248. The tenor of an instrument means

or imports an exact copy, and the proof must comply with it literally. Roberts v. State, 2 Texas Crim. App., 4; Coulson v. State, 16 Texas Crim. App., 189; Thomas v. State, 18 Texas Crim. App., 213; Smith v. State, 18 Texas Crim. App., 399; Moore v. State, 20 Texas Crim. App., 233.

Where the indictment sets out a written instrument by its tenor the proof must conform thereto with almost minutest precision. 1 Bish. Crim. Procedure, 1st ed., 488; 1 Wharton Crim. Law, 8th ed., 737; Ex parte Rogers, 10 Texas Crim. App., 655. One of the most recent cases by this court is the case of Fischl v. State, 54 Texas Crim. Rep., 55; see also Warrington v. State, 1 Texas Crim. App., 168; Robinson v. State, 35 Texas Crim. Rep., 54, 43 S. W. Rep., 526; Hanks v. State, 54 S. W. Rep., 587; Murphy v. State, 6 Texas Crim. App., 554; Overly v. State, 34 Texas Crim. Rep., 500, 31 S. W. Rep., 377; Potter v. State, 9 Texas Crim. App., 55; Webb v. State, 47 S. W. Rep., 356; 19 Cyc., 1400 et seq.

Applying the law to the case, the court thus instructed the jury: "You are further instructed that if you believe from the evidence beyond a reasonable doubt that the instrument set out in the seventh count of the indictment was forged, as that offense is defined in the first paragraph of this charge, and you further believe beyond a reasonable doubt that the defendant in the county of Potter and State of Texas on or about the 31st day of July, 1908, as alleged in said seventh count, did knowingly pass said instrument as true to the First National Bank of Amarillo, through and by the said Charles J. F. Lowdnes, and that he was then and there the cashier and agent of the said bank, as alleged in the indictment, then you will find him guilty as charged in said seventh count and assess his punishment at confinement in the penitentiary for a term of years not less than two nor more than five years."

Objection is urged to this charge because it fails to instruct the jury that appellant knew that the instrument was forged at the time he passed it. This criticism is correct. The instrument might have been forged and appellant passed it as true, believing that it was true. In order to convict appellant for passing a forged instrument for the purpose of defrauding, he must knowingly do so; that is, he must know at the time he passed the instrument that it was a forgery in order to constitute him guilty of the crime of passing a forged instrument. Henderson v. State, 14 Texas, 503; Thurmond v. State, 25 Texas Crim. App., 366; United States v. Kelsey, 42 Federal, 882; Johnson v. State, 9 Texas Crim. App., 249; Maynard v. State, 39 S. W. Rep., 667; Bishop New Crim. Law, sec. 605; 119 Am. St. Rep., 319; 19 Cyc., 1388.

It is, therefore, necessary, in order to sustain this conviction, to show at the time that he passed it that he knew it was a forgery. This is one of the serious questions in the case arising under the evidence, which should have been submitted to the jury by appropriate instructions. It

is so alleged in the indictment, and is made an issue in the case both by the averments in the indictment and under the statute.

2. It will be noticed that the count in the indictment, under which this conviction is predicated, alleges that R. C. Cameron & Son was a fictitious person. This issue was not submitted to the jury, and exception was taken to the charge on account of this omission. Having charged that R. C. Cameron & Son was a fictitious person or firm, it appears to us the jury should have received an appropriate instruction upon this averment. Davis v. State, 34 Texas Cr. Rep., 117; Hocker v. State, 34 Texas Cr. Rep., 359; Ham v. State, 4 Texas Crim. App., 645.

3. It will be noticed that the charge of the court as copied above fails to instruct the jury that in order to convict appellant he must have passed the instrument with intent to defraud. This should have been embodied in the charge given the jury when the court applied the law to the facts. Thurmond v. State, 25 Texas Crim. App., 366.

There are other questions in the case more or less of a serious import which are not discussed. They may not arise upon another trial.

For the errors pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*