## C. W. POYTHRESS v. STATE.

### [56 South. 168.]

1. PUBLIC RECORDS. *Forgery.   Cancellation of deed of trust.   Indictment.*
   *Code* 1906, § 1177.

   To justify a conviction of falsifying a record under Code 1906, § 1177, by entering a false satisfaction on the margin of the record of a trust deed, it must be charged in the indictment that the cancellation of the deed of trust by marginal entry on the record was attested by the chancery clerk and that this was done must be proven on the trial.

2. SAME.

   The attestation of the clerk was necessary to give the cancellation legal efficacy or validity.

APPEAL from the circuit court of Lauderdale county. HON. JOHN L. BUCKLEY, Judge.

C. W. Poythress was convicted of making a false entry on the public records and appeals.

The facts are as follows:

The appellant was indicted under section 1177 of the Code of 1906 for making a false and fraudulent entry on the public records of Lauderdale county. Said section is as follows: "Every person who, with intent to defraud, shall falsely alter, destroy, corrupt, or falsify the record of any will, conveyance or other instrument the record of which shall by law be evidence, or any record of any judgment or decree of a court of record, or the enrollment of any such judgment or decree, or the return of an officer, court, or tribunal, to any process of any court, or who shall falsely make, forge, or alter any entry in any book of record, or any instrument purporting to be any such record or return, with intent to defraud, shall, upon conviction, be guilty of forgery."

After setting out other facts, the indictment charged that the defendant ''by corrupt and false entry on the margin of the said record of the said deed of trust as aforesaid the following false and fraudulent entry, to-wit: 'Satisfied in full and cancelled, September 20th, 1910. (Signed.) C. W. Poythress'—with the unlawful and felonious intent'' etc. As a matter of fact, the record showed that this marginal entry was duly attested by the chancery clerk in accordance with section 2781 of the Code, though the indictment fails to set out this attestation.

There was a demurrer to the indictment, which set out, among other grounds, the following: ''(8) Because the alleged marginal entry was under the law a nullity and did not affect the rights or interests of any person whatever. (9) Because the law prescribed how a deed of trust shall be cancelled of record, and the marginal entry alleged to have been made was not a compliance with the law, and did not affect the force or validity of the deed of trust as a recorded instrument, or as evidence of title. (10) Because the cancellation of a deed or trust by marginal entry must be the joint act of the beneficiary (or trustee) and the chancery clerk, and it is not alleged that the marginal entry complained of was so made, or that it was in any other way or manner a valid and binding act of cancellation.''

The demurrer was overruled, and the case proceeded to trial; the court admitting proof of the attestation. From a conviction, this appeal was prosecuted.

*Amis & Dunn,* for appellant.

The indictment is manifestly defective. The statute, under which it was drawn, defines the crime attempted to be charged as forgery. The making of the entry in the record book, as set out in the indictment, did not constitute forgery, for the very simple reason that the entry, alleged to have been made, had no legal efficacy

as a record entry, and therefore could not in the very nature of things have purported to have discharged, diminished, increased, created or in any manner affected any demand or obligation, claim, right or interest in favor of or against any person. The effort was to charge the commission of a crime under the statute, by the making of a false entry of the cancellation of a deed of trust, which appeared of record in a public deed record book, in the office of the chancery clerk. The indictment sets out the exact words employed in the alleged cancellation, and the words used, or the thing done, as charged did not constitute a cancellation of record at all. Section 2781 of the Code of 1906 prescribes the mode and furnishes the only lawful authority for the making of a cancellation of a deed of trust by an entry on the margin of the record, and the section explicitly requires such entry to be attested by the chancery clerk, the custodian of the record. There can be no such thing as a marginal cancellation of a deed of trust of record, unless the same be attested by the clerk. Such cancellation, to be efficacious, must be made by the concurrent acts of the mortgage, the trustee, or some person contractually authorized to perform the act and the chancery clerk of the county. It seems to us that it would be a waste of time to discuss the proposition as to whether or not a cancellation of record, or putting it in another way, a record cancellation, not made as the law requires it to be made, would destroy the effect of the recorded instrument. That the proposition must be answered in the negative, is too plain for argument. If then, the cancellation as made, as set forth in the indictment, did not meet the requirements of the statute, in legal contemplation, there was no cancellation of record and forgery cannot be predicated of it.

The principle of the proposition here contended for, was aptly expressed by Stone, C. J., in the case of *Dickson* v. *State,* 81 Ala. 6, wherein it is said:

"To authorize an indictment for forgery, the instrument must either appear on its face to be, or be in fact, one which, if true, would possess some legal validity; or, in other words, must be legally capable of effecting a fraud."

This principle, as announced in *Dickson* v. *State,* was expressly approved by our court, in the case of *France* v. *State,* in 83 Miss. 281.

*Wyatt Easterling,* for appellant.

Now consider that alleged entry in the light of section 2781, Code 1906, which is, leaving out the parts which are not pertinent to the issue, as follows, to-wit: "Satisfaction to be entered on the record. Any mortgage or *cestui que trust,* or the assignee of any mortgage or *cestui que trust,* of real or personal estate, having received full payment of the money due by the mortgage or deed of trust, shall enter satisfaction upon the margin of the record of the mortgage or deed of trust, which entry shall be attested by the clerk of the chancery court and discharge and release the same, and shall bar all actions or suits brought thereon, and the title shall thereby revest in the grantor," etc.

It is glaringly apparent from the reading of that section that the cancellation as it appears in the descriptive part in the indictment was a nullity and did not affect the rights or interests of any person whatever, and that it did not affect the force or validity of the deed of trust as a recorded instrument or as evidence of title, because section 2781 prescribes that the cancellation of a deed of trust by marginal entry must be the joint act of the beneficiary (or trustee), and the chancery clerk, and it is not alleged that the marginal entry was so made, or that it was in any other way or manner a valid and binding act of cancellation. And, too, if we look to the indictment, we are not told whether or not there had ever been a transfer or assignment of the debt, such

as would perforce of section 2794 of Code of 1906 have to be noted of record, by appellant or any one. If the indictment does not allege a transfer or assignment legally sufficient, then appellant was the person to cancel the deed of trust; and, on the other hand, if the transfer or assignment was a matter of record, then the alleged cancellation was a nullity and did not and could not injure or defraud any one.

It may be argued by counsel for appellee that it was not necessary to allege the attestation. That sort of a proposition will not stand the test, as we know, and we learned it during, and from, our first months study of criminal law, that in order for a person to be guilty of forgery, his acts, if valid, must be binding. Now I submit in candor that the words alleged in the indictment to have been placed upon the margin of that record by appellant in no wise constituted a legal cancellation, or such a cancellation which would have bound or affected Mrs. Martin; that they neither altered, destroyed, corrupted or falsified the record, as there was no attestation, and, so far as the writings or words employed are concerned, any words without any connection with the record might have been written upon the margin thereof with equal force or effect. One would have been as binding as the other, but why argue an act which had no material effect when our court has declared that if such a fact is necessary to be known and considered along with the writing, it must be alleged. "When extrinsic facts are necessary to be known and considered along with the writing in order to constitute forgery, an indictment therefor must set out such facts as well as the instrument itself." *France* v. *State*, 83 Miss. 281.

*James R. McDowell,* assistant attorney-general, for appellee.

The only other straw at which appellant grasps is a legal technicality. He says that, the demurrer to the

indictment should have been sustained because it charges
that the false entry made by the appellant upon the rec-
ord is as follows: "Satisfied in full and canceled Sep-
tember 20, 1910. C. W. Poythress." The proof shows
that in addition to this entry made by appellant, the
clerk attested the cancellation as required by law. Coun-
sel contends in the first place that the indictment was
bad, because it did not set out the clerk's attestation as
part of the false entry made by the appellant; and fur-
ther that there is a variance in the indictment and the
proof, because the proof shows this attestation of the
clerk. In reply to this, I will say that the false entry
made by the appellant did appear in the indictment, in
full. That is what he did. That if the writing which he
falsely placed of record. In order to give it legal effect,
it was necessary that the clerk should attest it. Where
an indictment purports to set out the words forged by the
defendant they should set them out in full. This is done
here. It could not truthfully be said in an indictment
that the defendant forged the attestation. He did not.
This was done in good faith by the clerk. The forged
writing is what is done by the defendant. That which
is done by the clerk, need not be set out in words and
figures. It is a matter of proof which must be made to
support the indictment and show the act of the defend-
ant as a matter of fact had a legal and binding effect
and actually destroyed the collateral held by Miss Myers
and had the effect of defrauding her. Your honors will
bear in mind that the object of an indictment is to place
the defendant on notice of the offense he is called upon
to meet and enable him to prepare for a defense; and
it must be so drawn that it will legally charge an offense
in terms sufficient to prevent a subsequent trial for the
same offense should a plea *autre fois* convict or acquit
be interposed. I presume counsel will not contend that
this indictment falls short in that respect. As I under-
stand his contention, he simply stands pat and says that

the attestation of he clerk is an extrinsic fact which cannot be proven on the trial, unless charged in the indictment, and that the indictment is bad unless the clerk's attestation is set out as part of the forgery committed by the defendant. The offense under our statute of falsifying a record is an outgrowth of the old common law offense of cheat? So that, if the words used in the false entry are attempted to be quoted and are not quoted correctly, still the indictment would be good under common law. The omission of the attestation if necessary under the statute, would not be fatal to the indictment. Bishop's Statutory Crimes (3d Ed.), sec. 164, p. 181.

But I contend that under the statute, the attestation need not be set out. The falsifying of the record by the defendant must be set out. It must be shown what he did. The clerk's attestation is simply a matter of proof to show that what he did had a legal effect of defrauding some one.

WHITFIELD. C.

The eighth, ninth, and tenth grounds of demurrer to the indictment in this case were well taken. It was essential that the indictment should have averred that the cancellation of the deed of trust by marginal entry on the record was attested by the chancery clerk as required by law, and it was essential that this should have been proven. The attestation of the clerk was necessary to give cancellation legal efficacy or validity. *France* v. *State,* 83 Miss. 281, 35 South. 313; *Robinson* v. *State,* 35 Tex. Cr. R. 54, 43 S. W. 526, 60 Am. St. Rep. 20; *Sutton* v. *State,* 58 Neb. 567, 79 N. W. 154; *Overly* v. *State,* 34 Tex. Cr. R. 500, 31 S. W. 377.

We notice no other assignment of error. *Reversed.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment of the court overruling the demurrer

to the indictment is reversed, the demurrer sustained, the indictment quashed, and the prisoner will be held to answer such further indictment as the grand jury may present against him.