## OTHA PYLANT V. STATE.

No. 24498. October 19, 1949.
Rehearing Granted November 23, 1949.

No attorney for appellant of record on appeal.

*George S. McCarthy,* Amarillo, *Amicus Curiae.*

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is forgery by alteration of a bank check; the punishment, confinement in the penitentiary for three years.

The record is before us without a statement of facts, and without bills of exception which may be considered in the absence of the former. Nothing is presented for the consideration of this court.

The judgment of the trial court is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

In his motion for a rehearing, appellant challenges the sufficiency of the indictment which reads in part as follows:

"* * * that Otha Pylant * * * without lawful authority and with intent to injure and defraud, did wilfully and fraudulently alter an instrument in writing, then already in existence, which had been made by W. M. Malone, and which said instrument before being altered as aforesaid, was to the tenor following:

" 'Tulia, Texas, 2/6 1947 NO.
THE FIRST NATIONAL BANK

| | | |
|---|---|---|
| Pay to the | | 00 |
| order of | Otha Pylant | $19 |
| Nineteen | No/100 | Dollars |
| For | | (Signed) W. M. Malone.' |

and which said instrument was so altered by the Otha Pylant as aforesaid in the manner following, that is to say, as by erasure of the words and figures 'Nineteen' and '1', so as to make the said instrument falsely appear to the tenor following:

" 'Tulia, Texas, 2/6 1947 NO.
THE FIRST NATIONAL BANK

| Otha Pylant | | | |
|---|---|---|---|
| | Pay to the | | 00 |
| | order of | Otha Pylant | $39 |
| | Thirty Nine | No/100 | Dollars |
| | For | | (Signed) W. M. Malone.' |

against the peace and dignity of the State."

It will be noted in the above instrument that it is attempted to be alleged what appellant did in altering such instrument. Evidently some one did alter the same by erasing the words "nineteen" and substituting therefor the words "thirty-nine", and again, by erasing the figure "1" and substituting the figure "3", thus increasing this pecuniary obligation. Since the pleader saw fit to charge the manner of this alteration and did charge the erasure, he should also have charged whatever substitution was made; otherwise we would have no intelligibility in the instrument.

In Franklin v. State, 46 Tex. Cr. R. 181, 78 S. W. 934, we have a case in point holding an indictment proper which not only alleged the erasure made, but also the substitution therein. We think the present indictment should have alleged the substituted words and figures.

Branch's Ann. Tex. P. C., p. 869, sec. 1419, lays down the following doctrine:

"An indictment intended to charge a forgery by alteration, to be sufficient, must set out the exact manner in which the instrument in writing already in existence was altered. State v. Knippa, 29 Texas 295; Strang v. State, 32 Texas Crim. Rep. 227, 22 S. W. 680; Overly v. State, 34 Texas Crim. Rep. 502, 31 S. W. 377, Robinson v. State, 35 Tex. Crim. Rep. 54, 43 S. W. 526."

For a proper form on erasures, see Willson's Crim. Forms, (4th Ed.) Form No. 411; Willson's Crim. Forms, 5th Ed.) Form No. 431; White's Ann. Tex. P. C., Art. 531.

Believing the indictment to be fatally defective, the motion for rehearing is granted, the order of affirmance is set aside, and the judgment of the trial court is now reversed and the prosecution ordered dismissed.