THOMAS R. SEELY V. THE STATE.

No. 21009. Delivered May 1, 1940.
Rehearing Denied June 19, 1940.

The opinion states the case.

*V. M. Toomey* and *King C. Haynie,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is forgery. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant's first complaint is that the court erred in overruling his motion to quash the indictment. He contends first: that the instrument charged to have been forged is denominated a check and also a warrant which renders the indictment repugnant. Second, that it charges appellant made a false instrument in writing and also charges that he merely indorsed an otherwise valid instrument. Third, that it fails to charge in what way the indorsement created a pecuniary obligation, nor does it charge whose pecuniary obligation was created.

It occurs to us that it does not make any difference whether the instrument was denominated in the indictment as a check or warrant or both, since the instrument is set out in haec verba in the indictment and shows upon its face to be a negotiable instrument transferable by indorsement. However, the only place in which we find the word "warrant" in the indictment is in the copy of the alleged forged instrument where the words "Benefit Account Treasury Warrant of Public Accounts" appear. In our opinion, this question has been, at least by analogy, disposed of in the case of Dailey v. State, 135 Texas Cr. R. 655, and we see no need of discussing any of the other contentions further than to say that the indictment, in our opinion, is sufficient.

Appellant's next contention is that the evidence is insufficient to warrant and sustain his conviction. The record before us shows that in the month of March, 1939, Alvin P. Trevino was entitled to unemployment compensation out of the social security fund of this State. The Comptroller of Public Accounts drew a treasury warrant against said fund in the sum of Fifteen

Dollars, which was duly countersigned by the State Treasurer and forwarded by mail to Alvin P. Trevino at Houston, Texas. Trevino was at that time, and for some time subsequent thereto, confined in a hospital as a result of a serious injury. Appellant, who had lived in the same house with Trevino prior to the time Trevino was taken to the hospital, visited him several times prior to the 6th day of April, 1939. Trevino gave his social security card, bearing a certain number, to appellant and requested him to bring his, Trevino's, mail to him as he expected some checks. Appellant failed to bring any mail. On the first occasion after the request, appellant told Trevino that there was not any mail or any checks. On another occasion he said that the law had been changed and the checks would be sent out every two weeks. From then on appellant ceased to visit Trevino. It was shown that the check in question was duly issued in the sum of Fifteen Dollars, payable to Trevino, and bore the name of Alvin P. Trevino as indorser on the back thereof. Trevino testified that he did not indorse the same, nor did he authorize the appellant·or anyone else to indorse it.

Mr. Rex W. Wheeler, a teller in the Second National Bank of Houston, testified that the check was presented to him for payment. That while he had no independent recollection of the transaction or who cashed it, he noticed that it bore his stamp. He further testified that the check in question indicated that it was not cashed on personal identification but by the number of the social security card, the number of which was written beneath the word "Claim No." on the check and which corresponded with the number of the social security card issued to Trevino. Consequently, the person who presented the warrant to the teller of the bank for payment was at the time in possession of Trevino's social security card. While no one actually saw the appellant write the name "Alvin P. Trevino" on the back of said warrant or check, the State had obtained a specimen of the appellant's handwriting. An expert on handwriting testified that the indorsement on the back of the check was written by the same person who wrote the specimen proven to be in the appellant's handwriting which was tendered for comparison. Appellant denied the entire charge. He takes the position that the forgery is established merely by comparison of handwriting and therefore is not sufficient to justify a conviction under Art. 731, C. C. P. If such were the case, his contention would be correct. However, in the instant case, we not only have the testimony of the expert on handwriting who compared the indorsement with the written instrument proved to have

been written by appellant, but in addition thereto, the fact that Trevino gave his social security card, which bore the number 454032594, to appellant with the request that he, appellant, get Trevino's mail and bring it to him. The teller of the Second National Bank testified that whoever presented the check to him for payment identified himself by the number of the social security card, which corresponded with the numbers written on the check which was the same as the above set forth number. From this record, it appears that appellant was the only man who at that time was in possession of Trevino's card. Consequently, these additional facts and circumstances take the case out of the category of proof only by comparison of handwriting. See Jackson v. State, 81 Texas Cr. R. 51, and authorities there cited. We deem the evidence sufficient.

Appellant in due time objected to the court's charge relative to evidence of other offenses and the purpose for which it was admitted. His objection thereto was that the court assumed and charged on a theory not raised by the evidence. The charge reads as follows: "If evidence has been admitted before you of other offenses alleged to have been committed by the defendant, then you are charged that such evidence was admitted solely for the purpose of affecting, if you believe it does affect, the credibility of the defendant as a witness and you will consider the same for no other purpose," etc.

We do not construe the words, "If evidence has been admitted before you of other offenses alleged to have been committed" as an assumption on the part of the court that other offenses had actually been committed but merely that other offenses were alleged to have been committed. It occurs to us that the appellant's contention is hypercritical.

Finding no reversible error in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

GRAVES, Judge.

Appellant insists that we were in error in our original opinion in affirming this cause because he says that a State warrant is not a negotiable instrument but merely an assignable

one, and therefore by inference it would not be the subject of forgery.

That the false endorsement of a payee's name on the back of a State warrant is forgery, was heretofore held by this Court in the case of Dreeben v. State, 162 S. W. 501, wherein it was held that the fraudulent endorsing of the name of the payee on a State Confederate Pension warrant was forgery under the statute. This case has not been overruled, and we think it is still the law. We think that the endorsement of Trevino's name on the back of this instrument was the moving cause of the procuring of the transfer of $15.00 in money to the person thus endorsing that name thereon, and did transfer to such person property of the value of $15.00, and such is denounced as a forgery by Art. 979, P. C.

As to the quantum of proof, this was a case depending upon circumstantial evidence, and while a comparison of handwriting alone is not sufficient upon which to base a verdict of guilt, we are of the opinion that it seems clear that the circumstances shown, together with the comparison of handwriting, is sufficient upon which to predicate this verdict.

The motion will be overruled.