MARIANO GOMEZ v. THE STATE.

No. 22124. Delivered May 27, 1942.

The opinion states the case.

*DeWitt Murray,* of Floresville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Cattle theft is the offense; the punishment, two years in the State penitentiary.

The record is before us without a statement of facts. An affidavit of appellant's counsel appears, by which an issue is raised as to whether or not the failure to obtain a statement of facts was chargeable to the appellant. In the light of the disposition of the case, it becomes unnecessary to determine this issue.

Bill of Exception No. 3 reads as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause, the court in its written charge delivered to the jury, failed to charge all the law applicable to and demanded by the facts in evidence in that the evidence fairly raises the issue as to the possession of the said animal at the time of the alleged taking; and the said charge of the court wholly failed to submit the issue as to whether the possession of said animal was in the said S. Brown or Charlie Holbretch at the time of the alleged taking; and the defendant before the court's charge was read to the jury presented his objections in writing thereto as follows: -'3. Because said charge wholly fails to present defendant's affirmative defense that the animal alledged to have been stolen was not taken from the possession of S. Brown as alleged in the indictment.'

"And the court after considering said objection overruled the same, to which action and ruling of the court defendant then

and there excepted, and tenders this bill of exceptions, and asks that the same be signed and filed as a part of the record in this cause."

This bill of exception is approved by the trial judge without qualification. Such approval constitutes a certificate by the trial judge that, upon the trial of this case, he failed, over the proper and timely objections of the appellant, to submit an affirmative defense arising under the facts in evidence.

It is now deemed axiomatic that the trial court's failure, over a proper exception, to submit to the jury an affirmative defense arising under the facts constitutes reversible error.

Under such a certificate, it remains for this court to do that which the trial judge should have done under the circumstances, namely: award appellant a new trial. See: Hart v. State, 122 S. W. (2d) 193; 135 Tex. Cr. R. 565; and authorities to the same effect collated in 13 Texas Digest, Sec. 1111 (4).

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.