### HARRY MOORE v. STATE.

No. 24636. February 15, 1950.
Appellant's Motion For Rehearing Denied (Without
Written Opinion) March 22, 1950.

418

*W. W. Ballard,* Wichita Falls, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of assault with intent to murder with malice and received the maximum punishment of fifteen years in the penitentiary.

Carl Abel was shot by appellant who fired three shots with a pistol. Abel was hit in the arm, the stomach and the head, but survived and testified at the trial.

The shooting took place at the apartment occupied by Abel and his wife shortly after ten o'clock P. M.

The evidence discloses that appellant was the former husband of Hazel Moore, and at the time of the trial was married to Marsilene Moore. Hazel Moore obtained a divorce from appellant, her petition having been filed in April, 1948, and the divorce granted on June 24, 1948. Five days later appellant married Marsilene.

Carl Abel met Hazel Moore after she had filed her suit for divorce, and their affair lasted for a few weeks. They had intimate relations beginning the night that appellant remarried. Carl Abel, at the time, was a single man but married on October 2, 1948.

On the night of March 10, 1949, appellant was in company with his former wife Hazel, and they talked about going back together. The question was raised as to whether Hazel's affair with Carl Abel was "all over" and as to whether Hazel had told the truth when she said it was.

Hazel called Carl by telephone and said, "I have to see you." He replied, "I can't, I'm married."

Hazel then said, "Well, he is going to kill either me or you."

Appellant then took the telephone and used insulting and profane language toward Abel. In the conversation, Abel gave his address to appellant.

Appellant called his mother to request that she look after his children, and accompanied by Hazel, went to his home and obtained a pistol. He was there joined by his wife Marsilene, and they proceeded to Carl Abel's apartment.

Abel and his wife had retired when appellant, his wife and ex-wife arrived. They knocked and were invited in by Abel.

Upon entering, Abel remarked that before anything was said he would like to have an apology for the language over the telephone. This was repeated, and appellant started shooting.

After being struck by the first two shots, Abel fell to the floor. Appellant said, "Let's get out of here" and they went out the door near which Abel lay. Appellant then fired again inflicting a scalp wound on Abel while he lay on the floor.

Appellant was seen running from the apartment to his truck. He was later arrested at a beer joint, but the pistol was not found.

Four bills of exception appear in the record, but only Bill Number Two is urged by appellant in his brief. We fail to find error shown in Bills One, Three or Four.

Bill of Exceptions Number Two deals with the court's charge to the jury, and appellant's objection thereto.

Appellant, in his brief, discusses only his contention that in this bill the trial court certifies error, and he is therefore entitled to a reversal of his conviction. He relies upon the decision

of this court holding that we must appraise bills of exception as presented by the record and recitals therein, and that we cannot look to the statement of facts to determine the correctness of such recitals. See Henry v. State, 151 Tex. Cr. R. 284, 207 S. W. 2d 76; Griffin v. State, 121 Tex. Cr. R. 171, 50 S. W. 2d 812; Ross v. State, 154 Tex. Cr. R. 79, 225 S. W. 2d 189; Hart v. State, 135 Tex. Cr. R. 565, 122 S. W. 2d 193; and Gomez v. State, 144 Tex. Cr. R. 219, 162 S. W. (2d) 428.

The bill of exception in the latter case is somewhat similar to appellant's bill number two, but there is a distinction which we believe is material and controlling.

In the Gomez case, there was no statement of facts. The bill of exception read:

"Be it remembered that upon the trial of the above entitled and numbered cause, the court in its written charge delivered to the jury, failed to charge all of the law applicable to and demanded by the facts in evidence in that the evidence fairly raises the issue as to the possession of the said animal at the time of the alleged taking; * * * and the defendant before the court's charge was read to the jury presented his objections in writing thereto as follows: -'3 Because said charge wholly fails to present defendant's affirmative defense that the animal alleged to have been stolen was not taken from the possession of S. Brown as alleged in the indictment."

This court in disposing of the above bill which was approved by the trial judge without qualification said:

"It is now deemed axiomatic that the trial court's failure, over a proper exception, to submit to the jury an affirmative defense arising under the facts constitutes reversible error."

Appellant's Bill of Exceptions Number Two contains the following:

"Be it remembered that in the above numbered and entitled cause the court in its written charge to the jury failed to charge all of the law applicable to the case and requested by the defendant and that the following charge was given."

There follows in the bill, the entire charge of the court occupying nine and one-half pages of the transcript, consisting of twenty-seven paragraphs.

The bill then continues: "And the defendant, for the courts

charge was read to the jury, placed his objections in writing thereto and the court after considering said objection overruled the same and he submitted the foregoing charge to the jury, to which action and rule of the court defense then and there in open court accepted in its following contents to wit:"

Then follows in the bill, appellant's objection to the court's charge occupying four and one-half pages of the transcript, and the approval of the bill of exception by the trial court without qualification.

It will be observed that in this bill the court certifies that he failed to charge all of the law applicable to the case and requested by appellant. To this extent the situation is the same as in the Gomez case.

But in the Gomez case, the bill specified the particular omission and pointed out the evidence raising the issue, and the objection and exceptions to the court's failure to charge the jury in regard to such defense. In appellant's bill, however, the trial judge goes no further than to certify that he failed to charge on all of the law applicable to the case and requested by appellant. He does not certify that appellant objected or excepted to such failure.

It may be observed that the bill as it appears in the transcript does not show that the objections were made in writing before the charge was read to the jury. Nor does it show that appellant excepted to the court's action in overruling his objection to the charge.

But, if we are to assume that the expression "for the courts charge was read" was intended to be "before the court's charge was read," and we further assume that the word "accepted" was intended to be "excepted," and that these are but typographical errors, the court does not certify that appellant excepted to his failure to charge all of the applicable law. That particular ground of objection does not appear in the objections filed by appellant.

The bill shows the charge as given and appellant's objections thereto and that the objections were considered and overruled by the trial judge and appellant "accepted."

In order to apply the rule of law relied upon by appellant, there must exist no reasonable construction of the language used in the bill other than that reversible error was committed.

The fact that the trial court has certified that an error was committed does not mean that appellant is entitled to a reversal. The bill must show reversible error, and without a proper exception, failure to charge on a defensive issue is not reversible error.

From a consideration of the charge of the court and the objections of appellant thereto, we find no error in the trial court's action in overruling such objections.

The judgment of the trial court is affirmed.

Opinion approved by the court.