## JAMES CALDWELL V. STATE.

No. 26,076. November 26, 1952.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged in different counts with the offense of forgery and knowingly passing a forged instrument. His punishment was assessed at confinement in the state penitentiary for a term of three years.

Prior to the trial of the case appellant offered an affidavit as contemplated by the statute, Art. 731, C.C.P., in which he denied his signature to said check, and denied that he had drawn the same or any part thereof, and denied his endorsement thereof. The statute referred to provides as follows:

"It is competent to give evidence of handwriting by comparison, made by experts or by the jury. Proof by comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath."

All of the proof in this cause relative to the making of this alleged forged instrument depends alone upon the evidence of handwriting by comparison. We find no further proof of any kind relative to the making of this instrument.

The trial court in his charge submitted to the jury both counts of the indictment, and the jury in its verdict found appellant guilty of Count No. 1, which count was relative to the making of such instrument.

We find that the testimony is lacking in support of the first count of the indictment except by proof of handwriting. As heretofore alluded to, appellant denied his signature under oath. Therefore, the testimony wholly fails to meet the requirement of the law relative to the making of this instrument.

Under these circumstances, the judgment is reversed and the cause remanded.