**Edward F. WOOD, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36440.

Court of Criminal Appeals of Texas.

Jan. 22, 1964.

Rehearing Denied Feb. 19, 1964.

Bryan Wingo, Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is assault to murder with malice; the punishment, eighteen years in the penitentiary.

Appellant lived with his wife and children in the city of Corpus Christi. One of the children, Tracie Lynn Wood, the injured party, was about two years old. On March 27, 1963, appellant's wife came to the fence of a next-door neighbor, with the injured party wrapped in a blanket. At such time, the child's eyes, face, and head were swollen and she appeared to be in a stupor.

Later in the day, Deputy Sheriff W. H. McNellis went to appellant's residence and brought appellant's wife and the injured child to the district attorney's office, where a complaint was made against appellant, upon which a warrant was issued for his arrest.

Officer McNellis then took the mother and child to a hospital, where the child was ex-

amined and treated by Dr. John M. Etheridge.

Dr. Etheridge, in describing the child's condition when he first saw her at the hospital, testified that she was asleep or unconscious and having twitching movements of the arms and legs; that her breathing was difficult because of swelling about the face; that her head was swollen out of shape from bruises and contusions, her eyes were swollen closed, her lips were swollen, and there were severe bruises behind the ear; and that she had a brain concussion and there were areas of hair not present on her head. The doctor stated that in addition to injuries to her head and face, the child had thirty other bruises on the rest of her body, two of which were one and a half inches long and three-fourths inch wide and shaped like a belt buckle. He also stated that the child was unable to eat because of the swelling and was fed liquids for thirty-six hours; that her condition was critical and could have caused death. The doctor further testified that some of the wounds were fresh and not over twelve to eighteen hours old but that a majority of the wounds were between eighteen to twenty-four hours old and that all were inflicted within seventy-two hours. He further testified that the wounds about the head and body could have been made by a fist or hand of a person the size of appellant. It was shown by the testimony that the child remained in the hospital for five days.

It was further shown that on the day in question, appellant was arrested and, after being duly warned, made and signed a written statement to the officers in which, omitting the formal parts, he stated as follows:

"I am Edward F. Wood and 28 yrs. old and I live at 902 Lewis Lynch Dr., Corpus Christi, Texas. I was feeding my 2yr. old child and she refused to eat her food. I slapped her with my open hand in her face about seven or eight times. I then made her stand in the corner for about 1½ hours to punish

her. I then put her back in bed and made her stay there till noon and made her eat. This frist took place about 8: A.M. 3/25/1963. I made her go back to bed after dinner and kept her. She never cryed all after__noon long. [I made her get up and eat her supper. I then gave her a bath and I could see what I had done to her, I didn't take her to the Dr. becouse she ate good both of the other meals.]

"I pulled her hair out of her head every time she would fall after I hit her. I have made this child stand in the corner for 1½ hours or longer for as long as she has been big enough to stand. Her name __ Tracie Lynn Wood. I have done the same thing to all of the other kids for as long as I have been married to my wife (Sandra Lee Wood). I slapped Sharon Ann Friday because she spit her food out as I was trying to feed her. She is one year old in Febuary. I Slapped her only one time on the right side of the face. Tracie is scear of water and one time while I was watering the yard I turned the water hose on her and she cryed. I also whipped Tracie with a belt to make her stand at the wall, 3/25/63__ after I had slapped her and pulled her hair out. I haven't worked or supported these childern since before Christmas, but I have been drawing unemployment from the State of Wyo. Thsi statement is true and ccorrect __ the best of my knowledge :"

Appellant did not testify and, other than calling his wife and daughter for the purpose of identification, offered no evidence.

We first overrule appellant's contention that the evidence is insufficient to sustain the conviction.

The evidence, viewed in the light of appellant's confession, the tender years of the child, and the injuries inflicted, is sufficient to sustain the jury's finding appellant guilty of assault with intent to murder with malice

aforethought. See: Hignett v. State, 170 Tex.Cr.R. 342, 341 S.W.2d 166, and Brumbelow v. State, Tex.Cr.App., 364 S.W.2d 232.

Complaint is made by appellant to certain portions of the jury argument of state's counsel.

 We find no reversible error in the argument and will discuss only that portion of the argument which appellant insists was a reference to his failure to testify.

In the assistant district attorney's opening argument to the jury he, among other things, stated:

"We have discussed with you before, both sides did when you were sitting out here as a panel being questioned, the idea that you judge the credibility of all of the witnesses. As you have noticed, the only witnesses in this case were put on by the State, all of the evidence elicited from these witnesses is consistent; none of it is in confliction * * *."

Appellant's objection to the argument was, in substance, that it was a reference to his failure to testify, which objection was by the court overruled.

The statement objected to was not a direct reference to appellant's failure to testify.

While such statement might be construed as an indirect reference to appellant's failure to testify, to come within the prohibition of the statute, Art. 710, Vernon's Ann. C.C.P., the implication must be a necessary one—that is, one that can not be reasonably applied to the failure of the accused to produce other testimony than his own. Alvear v. State, 170 Tex.Cr.R. 378, 341 S.W. 2d 426; Clark v. State, Tex.Cr.App., 362 S.W.2d 647.

Under the record in the present case, it would appear that appellant's wife could have testified with reference to the child's injuries. It is the rule that the state may comment upon the failure of the accused to produce his wife as a witness. Purifoy v. State, 163 Tex.Cr.R. 488, 293 S. W.2d 663; Urteago v. State, 169 Tex.Cr.R. 160, 333 S.W.2d 133.

Deason v. State, 167 Tex.Cr.R. 324, 320 S.W.2d 670, relied upon by appellant, is not here controlling, because in that case the bill of exception certified that the argument complained of was a comment upon the failure of the accused to testify, and, under the record in that case, this court was in no position to say that the trial court's certification was incorrect.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.