**Robert Earl BARDWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45482.**

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Robert C. Sullivan, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Gary Coker, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant seeks relief from a conviction for the offense of robbery by firearms. Punishment was assessed at twelve (12) years' confinement.

Two grounds of error are raised.

The owner of a watch repair shop in Waco testified that on January 8, 1971, appellant entered his store and inquired about replacing a crystal in his watch. He then pulled a pistol and robbed the proprietor of some $30.00 in cash, jewelry and a gun. Another witness testified that he was entering the watch repair shop just after the commission of the offense, and that appel-

**628**

lant was leaving. Appellant was arrested a short time later at a bus station. There, he was searched and the contraband from the robbery was recovered.

In his first ground of error, appellant complains that reversible error was committed by the prosecutor in the form of improper jury argument. Appellant's brief on this ground is multifarious and not in accordance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P. However, in the interest of justice, we have chosen to review appellant's chief contention, wherein he alleges that the prosecutor made unsworn statements to the jury, in comparing California law with Texas law. Appellant cites a number of cases, all supporting the proposition that it is improper for the State's counsel to make unsworn statements before the jury on material facts adverse to the defendant which are not in evidence. This Court is in full accord with such a principle. However, the record reflects the following argument by the prosecutor:

> "He's a vagabond, testimony about that from the man himself, and he's traveled all around, getting in trouble everywhere he goes. He went to California, and what did he do out there? Grand larceny from the person. You heard him testify, he knocked down a lady out there on the Hospital Parking Lot, and snatched her purse. Two forgeries out there. And if wasn't for the fact he was convicted in California, he would have felony convictions. In California, you heard him testify that a man is a Juvenile until the age of 25. That is not the case in Texas, because the voters have not wished it that way, and I consider all 12 of you to be voters, and you have considered it that way, and for that reason, this man is going to be a felon here in Texas."

■ No objection was made at this time by defense counsel. In fact, defense counsel himself made a similar argument. The error, if any, has not been properly pre-

served for review. E. g. Hefley v. State, 489 S.W.2d 115 (Tex.Cr.App.1973); Webb v. State, 480 S.W.2d 398 (Tex.Cr.App. 1972), reversed on other grounds, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant alleges that he was illegally arrested, without a warrant, at the bus station and therefore, the evidence seized was also illegally obtained. At no time during the trial did appellant make such an objection. His objection, which is heard for the first time on appeal, comes too late. Woods v. State, 480 S.W.2d 664 (Tex.Cr.App.1972); Stubblefield v. State, 477 S.W.2d 566 (Tex.Cr.App.1972); Ansley v. State, 468 S.W.2d 862 (Tex.Cr.App.1971).

Finding no reversible error, the judgment is affirmed.