Clyde Weldon ASHFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 46961.

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

———◆———

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, thirty years' imprisonment.

The appellant insists that the proof fails to show robbery by assault but rather shows theft from the person. We do not agree. Gladys Bowman was walking along a city street near noon when she was struck from behind and knocked to the pavement by a person she identified at the trial as the appellant. After knocking her down the appellant jerked her purse which she was carrying over her arm until the handle broke. He then fled with the purse. A book of personalized checks belonging to Mrs. Bowman, which had been in her purse when it was taken, was found under the automobile seat where the appellant was sitting when he was arrested approximately one hour after the robbery.

We find the assault upon Mrs. Bowman and the force used to obtain the purse which she said caused her to be in fear for her life were sufficient to sustain a conviction for robbery by assault. See Article 1438, § 2, Vernon's Ann.P.C.; Byrd v. State, 490 S.W.2d 575 (Tex.Cr.App. 1973); and Jemmerson v. State, 482 S.W. 2d 201 (Tex.Cr.App.1972).

In Byrd v. State, supra, a conviction for theft from the person was reversed where a lady's purse was taken from her under circumstances such as those in this case and it was there indicated robbery by assault would have been the proper charge under such facts.

The indictment is challenged for the first time on appeal. The appellant cites and quotes Articles 21.04 and 21.09, Vernon's Ann.C.C.P., asserting that the description in the indictment of the property taken as "one purse" is not sufficient because it is not certain enough to enable him to plead the judgment in bar of any other prosecution for the same offense.

It is well established that such a description of the property taken alleged in an in-dictment for robbery is sufficient. Smith v. State, 131 Tex.Cr.R. 322, 98 S.W.2d 806 (Tex.Cr.App.1936) ("pistol" held sufficient); Rodgers v. State, 448 S.W.2d 465 (Tex.Cr.App.1969); Ellingsworth v. State, 487 S.W.2d 108 (Tex.Cr.App.1972) and Byrd v. State, 456 S.W.2d 931 (Tex.Cr. App.1970) (all held allegation of "money" to be sufficient).

Two grounds of error presented are:

"The trial court committed reversible error by admitting into evidence testimony of appellant's identification that was tainted by a photographic pretrial process that was impermissibly suggestive and a denial of due process."

and

"The trial court committed reversible error by admitting into evidence testimony of appellant's identification that had been tainted by a pretrial process where appellant was denied right to counsel at a critical stage after indictment."

The appellant states in his brief that Detective Lipe exhibited to Mrs. Bowman on the morning of the trial a single colored polaroid photograph of the appellant. This is the procedure of which he complains. Even if we assume that the record shows only one photograph was exhibited to Mrs. Bowman there is a failure to show error because objections to the identification testimony on the grounds now urged on appeal were not made at the time of trial.[1]

Since appellant failed to make timely objections to the identification testimony, no error is presented. See Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969); Montoya v. State, 464 S.W.2d 853 (Tex. Cr.App.1971); Taylor v. State, 474 S.W.2d 207 (Tex.Cr.App.1971); and Phillips v. State, 488 S.W.2d 97 (Tex.Cr.App.1972).

1. A hearing concerning the identification of the appellant was held out of the presence of the jury. Also, Mrs. Bowman was extensively cross-examined before the jury concerning her identification of the appellant. Prior to appeal there was no objection to the identification testimony on the grounds now urged.

The appellant's contention that a photograph of the appellant was erroneously admitted in evidence because it was "harmful" and was a "means of bolstering the witnesses' testimony concerning the tainted pretrial identification process" is without merit because no such objection was made at the time of trial. Appellant objected at that time that a proper predicate had not been laid, and to a written matter on the back of the photo which was obliterated before it was admitted.

 The appellant complains that he was not permitted to examine Detective Lipe during the identification hearing held out of the presence of the jury. It appears the Court should have permitted him to examine Detective Lipe who was available as a witness. But, no error is reflected absent a showing of what the excluded testimony would have been or an offer of proof in the form of a statement to the Court. See Alardin v. State, 491 S.W.2d 872 (Tex.Cr.App.1973) and Article 40.09, § 6(d)(1), V.A.C.C.P.

The remaining ground of error presented for the first time in an "Amended Brief" filed in this Court is:

"The trial court committed fundamental error by refusing appellant a hearing outside the jury's presence on the arrest and search and seizure of the appellant, thereby allowing evidence of the illegal search and seizure before the jury improperly."

 Officer Hardin was asked on direct examination why he stopped the automobile which Richardson was driving and in which appellant was a passenger. The request of the appellant's counsel for a hearing outside the presence of the jury to determine the reason for the detention and arrest was denied. Although it would have been the better practice to have complied with the request, we do not find that reversible error is shown. The record shows that the arrest of Richardson was for failing to stop at a red light. It was also as-

certained that Richardson did not have a motor vehicle operator's license in his possession. It was then shown that the personalized checkbook belonging to Mrs. Bowman was recovered. The appellant did not at any time during the trial object to the introduction of the checkbook on the ground that it was obtained by an unlawful search and seizure. If the checkbook was obtained as a result of an unlawful search and seizure, the error in its admission was waived by the failure to object. See, e. g., Bardwell v. State, 489 S.W.2d 627 (Tex. Cr.App.1973); Jordan v. State, 486 S.W.2d 784 (Tex.Cr.App.1972); and Ansley v. State, 468 S.W.2d 862 (Tex.Cr.App.1971).

The judgment is affirmed.

Opinion approved by the Court.