Terry Eugene BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 62326.

Court of Criminal Appeals of Texas,
Panel No. 3.

Sept. 28, 1983.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Stanley Keeton, Reed Prospere and Stewart C. Robinson, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before W.C. DAVIS and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

Terry Eugene Brown, appellant, was convicted and punished by a jury for attempt-

ing to murder Christine Oliver by shooting her with a pistol. Enhanced by two prior felony convictions, the punishment was assessed at life imprisonment. See V.T.C.A., Penal Code, Sec. 12.42(d), as worded at the time of appellant's trial. We affirm.

Omitting the formal introductory and concluding portions of the indictment, it alleges that appellant:

with the specific intent to commit the offense of murder, attempt[ed] to cause the death of Christine Oliver, an individual, by knowingly and intentionally using a deadly weapon, to-wit: a pistol, to shoot Christine Oliver, said act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended.

Appellant asserts in his second ground of error that the evidence is insufficient to establish that he had the specific intent to murder Oliver, the complainant. Because of the assertion, we will review some of the facts of the case in order to make the determination whether any rational trier of fact could find that appellant had "the specific intent to murder" Oliver. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155 (Tex.Cr.App.1981).

■ The evidence viewed in the light most favorable to the verdict of the jury reflects that during the early evening hours of April 10, 1978, while standing on the front porch of Oliver's residence, appellant fired a pistol four times into the residence of Oliver, who was then inside the residence. One of the bullets fired from the pistol struck Oliver in her chest. Oliver positively identified appellant as the individual who fired the pistol. From the evidence adduced, we believe a reasonable inference could be drawn that appellant either knew or should have known that Oliver was present inside the residence when he fired the pistol.[1]

The record also reflects that appellant had previously dated and lived with one of Oliver's daughters. By Oliver's testimony, she did not approve of appellant either dating or living with her daughter. Oliver also testified that in the past appellant had thrown a brick through a window of her residence and had tried to break into her residence. She further testified that "I just had a feeling he was trying to harm me in some way or the other and I didn't want him around me." The police were summoned to Oliver's residence on the occasions when appellant broke the window and tried to break into the residence. However, they never arrested appellant. Oliver, in response to a question a police officer asked her, "Do you have any enemies that would want to harm you?," stated: "I don't have but one enemy that I know that would want to harm me." When asked to identify that person, Oliver stated to the police officer: "Terry Eugene Brown [the appellant]."

Oliver also testified that whenever appellant and her daughter would have arguments or disputes, appellant would "come to me and torment me." Apparently, after appellant and the daughter ceased living together, and the daughter returned home, appellant would telephone Oliver "all the time."

The evidence is clearly sufficient to sustain the implicit finding the jury made that when appellant fired the loaded pistol he intended to cause the death of Oliver.[2] See *Flanagan v. State* (Tex.Cr.App.1983) (Cause No. 60,580, on original submission, Dec. 22, 1982, and on rehearing), and also see *Hardesty v. State*, 656 S.W.2d 73 (Tex. Cr.App.1982).

---

**1.** Oliver also testified that shortly before the shooting, because of a knock on her front door, she got out of bed, went to the front door, raised the curtain that was on the door, at which time she saw appellant standing on the front porch. She testified that "when he passed over in front of the door I bent over like that and I looked at him in the face... and I went to get away from the door." Soon thereafter, appellant fired the pistol four times.

**2.** One of the ways a person may commit the offense of murder is if he intentionally or knowingly causes the death of an individual. See V.T.C.A., Penal Code, Sec. 19.02(a)(1).

The present Penal Code of this State, contrary to the former Penal Code, does not contain such provisions as (1) that when an injury or death or attempted death is caused by violence to the person, the intent to injure or cause death is presumed, or (2) that an intent to kill is presumed when the means used would ordinarily result in the commission of the forbidden act. Cf. Arts. 45 and 1139, 1925 Penal Code.

Because of the lack of any statutory provisions that would authorize us to presume an intent to cause the death of Oliver, we agree with appellant that when he fired the pistol into the residence of Oliver, that in and of itself will not support proof that he had the specific intent to murder Oliver. Nevertheless, after carefully reviewing the evidence, we find that the evidence adduced is sufficient to establish that when appellant fired the loaded pistol into Oliver's residence, he had the intent to cause her death. Appellant's second ground of error is overruled.

■ Appellant complains in his first ground of error that John Coughlin, a Dallas police officer, should not have been permitted to testify concerning a reconstruction experiment he conducted of the scene where the offense occurred. Appellant argues that no predicate was laid for the admissibility of such testimony. We disagree.

The record reflects that Coughlin was one of the investigating police officers who was dispatched to the scene of the shooting. Subsequently, and apparently in preparation for trial, Coughlin and another police officer returned to the scene. Coughlin testified that after he went to the scene he stood inside the residence where Oliver stated she had been situated when she saw appellant on the front porch of her residence. The other officer stood on the front porch where appellant had been situated when he was supposed to have fired the loaded pistol. Coughlin testified that from where he was standing inside of the residence he was able to clearly see the other

officer. We find that the trial court did not err in admitting this testimony.

■ It is axiomatic that testimony as to the results of experiments made out of court may be received in the discretion of the trial court when such would be helpful in elucidating any issue, provided it is established that the out of court experiment was conducted under conditions similar to those existing at the time of the event in question. Ray, *Texas Practice, Law of Evidence,* Sec. 1462, pages 139–140.

The evidence in this cause clearly reflects that the experiment conducted by Coughlin was conducted under similar conditions that existed on the night of the shooting. We hold that any objection appellant may have had to the experiment conducted by Coughlin went to the weight and not the admissibility of Coughlin's testimony on this point. Appellant's first ground of error is overruled.

■ Appellant also asserts that the experiment bolstered Oliver's testimony. However, we are unable to find in the record where appellant made any such objection in the trial court prior to Coughlin testifying. Thus, nothing is presented for review. *Ashford v. State,* 502 S.W.2d 27 (Tex.Cr.App.1973).

In his third and last ground of error, appellant complains of a portion of the prosecuting attorney's jury argument, to-wit: "But your common sense tells you that for a three-month period they can't possibly be sure—is there anybody that believes that this man [referring to appellant], with his track record goes home and stays home every evening?"

We first observe that appellant's defense was alibi.

■ The record reflects that appellant's alibi witnesses testified that they did not specifically remember the night when the offense was committed. Nevertheless, they testified that appellant never left home after 6:00 p.m., except on specified occasions,

and that they would have seen him leave had he left his residence.[3]

By what appellant argues under his ground of error, we find that the gist of his complaint about the prosecuting attorney's jury argument is that because the trial court had instructed the jury that they could not consider the impeachment evidence of his prior convictions as any evidence of guilt, the argument constitutes impermissible use of the prior convictions.

We need not decide whether the prosecuting attorney's jury argument was improper, because we have concluded that, even if improper, it was not so extreme or manifestly improper that it deprived appellant of a fair and impartial trial. Furthermore, it did not inject new facts into evidence, because evidence of appellant's "track record" was then before the jury. Appellant's third ground of error is overruled.

The judgment is affirmed.

**3.** When he testified, appellant admitted that he had been convicted of the offense of burglary at nighttime, for which he had been accorded probation, which was subsequently ordered revoked for committing the offense of burglary during the daytime. He also admitted that he had been convicted of committing the offense of burglary of an automobile, as well as assault with intent to commit murder with malice aforethought.